[Sunbury, July 3, 1829.]

## FISHER *against* TAYLOR and others.

### IN ERROR.

Testator directed his executors to purchase a tract of land, to be conveyed to them, in trust for his son, wh was to have the rents, issues, and profits thereof, but the same was not to be liable to any debts contracted, or which might be contracted by his said son, at whose death, the land was to vest in the heirs of his body; and, if he should die without heirs of his body, then to vest in the right heirs of the testator. *Held*, that the son had not such an interest in the land as could be taken in execution, and sold for his debts.

EJECTMENT in the Court of Common Pleas of *Mifflin* county, removed to this court by writ of error.

*Matthew Taylor*, by his last will and testament, dated the 16th of *July*, 1821, directed as follows:—

"I will and direct, that my son, *John Taylor*, pay out of the land devised to him six hundred and fifty dollars; and that my son, *Henry Taylor*, pay out of the land devised to him, thirteen hundred and fifty dollars, to, and for the following use and purpose:—My executors herein after mentioned shall, within one year after my decease, purchase a tract of land, at the price of two thousand dollars, four hundred dollars to be paid in hand, and the residue to be paid in

(Fisher *v.* Taylor and others.)

four equal annual payments; and, the tract of land so purchased, shall be conveyed to my executors in trust for my son, *Sample Taylor,* the said *Sample* to have the rents, issues, and profits thereof, but the same not to be liable to any debts contracted, or which may be contracted by the said *Sample,* and at the death of the said *Sample,* the tract of land aforesaid, to vest in the heirs of the body of the said *Sample,* in fee; and if the said *Sample* shall die without heirs of his body, then the tract of land aforesaid, to vest in my right heirs."

The testator appointed his sons, *John Taylor,* and *Henry Taylor,* and his nephew, *Samuel W. Taylor,* his executors; and, letters testamentary were issued to them on the 20th of *November,* 1823. The executors, in pursuance of the said will, purchased, in the year 1824, of *John Graham* and wife, a tract of land, situate in *Wayne* township, *Mifflin* county, containing one hundred and eighteen acres, with a house, barn, and orchard thereon; for which a deed was made to the said executors, their heirs, and assigns, in trust, for *Sample Taylor,* to have the rents, issues, and profits, during life, but not subject to his debts; remainder to the heirs of his body, in fee; reversion to the heirs of *Matthew Taylor.*

The plaintiff in error, who was plaintiff below, had a judgment in the Court of Common Pleas of *Mifflin* county of *August* Term, 1825, on which a *Fieri Facias* was issued, and levied, by his directions, on the life estate of the defendant, *Sample Taylor,* in this tract of land. By virtue of a *Venditioni Exponas,* to *November* Term, 1825, the estate thus levied upon, was sold by the sheriff of *Mifflin* county to the plaintiff, and a deed for the same was duly executed and acknowledged. The plaintiff thereupon brought an ejectment against the defendant, to recover the estate sold and conveyed to him. In this action, *Henry Taylor, John Taylor,* and *Samuel W. Taylor,* executors of *Matthew Taylor,* deceased, came into court, and prayed to be admitted, and were admitted, as co-defendants.

On the trial of the cause, the court charged the jury as follows:—

*Burnside,* President.—" The plaintiff's counsel contend, that *Sample Taylor* had a life estate in the premises, which could be sold and conveyed by the sheriff, and he let into possession to take the rents and profits of the estate during the life of *Sample Taylor,* and insists, 1. That a judgment is a lien on every possible interest which a debtor has in land. 2. That a lease is subject to a judgment. 3. That a trust estate is liable for debts, and that this devise is within the statute of uses, and is subject to all the incidents of any other estate for life. 4. That the limitation is inconsistent with the estate granted, and that it is subject to the debts of *Sample Taylor.* These among others embrace the arguments of the plaintiff; and, however generally correct his propositions are, this court deny their application to the case before us. *Matthew Taylor* had a right to devise his estate to whom, and in what manner he pleased.

(Fisher *v.* Taylor and others.)

He had a right to make a provision for his son, and such a provision as would not be subject to the claim of creditors; and, in the opinion of the court, by his will he has done so. The executors take the estate upon the special trust, to let *Sample* have the rents, issues, and profits for his life. They have a right to the occupation of the estate, to rent it, to have it farmed and worked, and to pay over the rents, issues, and profits to *Sample*—they may permit him to use it. This is not a use executed by the statute. Trust estates have been recognised by our own legislature; they are excepted out of the statute respecting joint tenancy. Trusts are often created for the best purposes: for the support of infants, the protection of females, and the maintenance of the unfortunate. This court deny the right of the plaintiff to recover; and, they instruct you, that the sheriff's sale did not devest the executors of *Matthew Taylor* of their legal right to use and occupy this estate, and to pay over the rents, issues, and profits, to *Sample Taylor*, and that the defendants are entitled by law to your verdict."

The jury accordingly found for the defendants, and the court thereupon entered judgment. To reverse that judgment, the plaintiff sued out the present writ of error.

The errors assigned were:—

"1. The COURT erred in charging the jury, that the estate of *Sample Taylor*, was not executed by the statute of uses.

"2. The COURT erred in saying, that it was not subject to the claim of creditors.

"3. The COURT erred in charging, that the executors of *Matthew Taylor* had a right to the occupation of the estate, to rent it, to have it farmed and worked, and pay over the rents and profits to *Sample Taylor*.

"4. The COURT erred in saying, that the executors of *Matthew Taylor* had the legal right to use and occupy the estate, and that the sheriff's sale did not devest them of it.

"5. The COURT erred in denying the right of the plaintiff to recover."

The cause was argued in this court by *W. M. Hall* and *Blythe*, for the plaintiff in error, who insisted that *Sample Taylor* had such an interest in the land in dispute, as might be taken in execution, and sold for his debts: That he was to take the profits of the estate, was in the actual enjoyment of it, and could have turned the trustees out if they had refused to permit him to take the rents and profits: That the estate was clearly within the statute of uses, by which the use was executed and turned into possession; and, that it was in the power of no one to change the incidents of an estate. To support their argument, they cited, *Lessee of Humphreys v. Humphreys*, 1 *Yeates*, 427. *Hurst* v. *Lithgrow*, 2 *Yeates*, 24. *Burd* v. *Lessee of Dansdale*, 2 *Binn.* 80, 91. *Carkhuff* v. *Anderson*, 3 *Binn.* 4. *Richter* v. *Selin*, 8 *Serg. & Rawle*, 440. *Ely* v. *Beaumont*, 5 *Serg. & Rawle*, 124. *Stahle* v. *Spohn*, 8 *Serg. & Rawle*, 317. *Rob.*

(Fisher *v.* Taylor and others.)

*Dig.* 404. 2 *Bl. Com.* 330, 333, 336. 2 *Salk.* 679. *Fearn.* 115. *Co. Litt.* 290, *b. Jac. Law Dict.* 370. 1 *Cruise,* 461. 1 *Sm. L.* 7. *Pennock* v. *Hart,* 8 *Serg. & Rawle,* 379. *West* v. *West,* 10 *Serg. & Rawle,* 448. 1 *Inst.* 223. 1 *Cruise,* 660. 2 *Bl. Com.* 157. *M'Williams* v. *Nisley,* 2 *Serg. & Rawle,* 513. *Shaupe* v. *Shaupe,* 12 *Serg. & Rawle,* 12.

*Banks* and *Potter,* for the defendants in error, argued, that the deed to the executors of *Matthew Taylor,* vested in them as trustees, according to the directions of the will, the legal title to the property conveyed; the rents, issues, and profits to be applied to the support of the testator's son: That a man had a right to dispose of his property as he pleased, and it was the duty of the court to carry his dispositions into effect, according to his true intention, where that could be discovered, and was not inconsistent with the rules of law: That it was the plain and express intention of the testator in this instance, to make a provision for his son, which should not be taken away from him by any debts he might contract, and that there was no rule of law, which forbade such a disposition of a parent's estate. They cited, *Ruston's Executors* v. *Ruston,* 2 *Dall.* 244. *Lessee of Findley* v. *Riddle,* 3 *Binn.* 149. *Adams on Eject.* 81, 82. *Pow. on Dev.* 285. 1 *Madd. Ch.* 514, 559, 562. 1 *Fonb.* 16, 404. 1 *Vern.* 415. 1 *Eq. Ab.* 383. 2 *Fonb.* 18, *in note.* 1 *P. Wms.* 280. 1 *Ves.* 130, 238. 3 *Munf.* 399. 1 *Cruise,* 461, *Sec.* 12, 13, 19, 20, 23.

The opinion of the court was delivered by

SMITH, J.—The only question before the court below was, and it is the only question here, whether *Sample Taylor* had such an interest in the land mentioned in this ejectment, under the abovementioned will and deed, as is by law subject to the lien of a judgment, and such as may be sold by execution against him for the payment of his debts? There never has been a question, or doubt, as to the intention of the testator. He manifestly designed to secure to his son, *Sample Taylor,* the enjoyment of the rents, issues, and profits of the land, during his life, in such a manner, that they should not be subject to be sold for the payment of his debts; and, he constituted his executors special trustees, to carry that intention into effect. The Court of Common Pleas correctly decided, that this was not a case within the statute of uses. It was necessary that the executors should take the legal estate for the purposes of the trust, in order to give effect to the testator's intention; and, they were, therefore, properly held to be entitled to use and occupy the land, to let it, or to have it tilled and worked, so as to enable them to comply with the disposition of the testator, in regard to the application of the rents, issues, and profits to *Sample Taylor.* A different construction would make the beneficial interest, which the testator intended to provide for his son, subject to be sold for his debts, when he expressly declared, that it should not be so subject,

(Fisher *v.* Taylor and others.)

and would thus set up a new will in place of that which it affected to interpret.

The intention of the testator ascertained, the only question is, whether his disposition is contrary to law. A man may, undoubtedly, so dispose of his land as to secure to the object of his bounty, and to him exclusively, the annual profits. The mode in which he accomplishes such a purpose, is by creating a trust estate, explicitly designating the uses, and defining the powers of the trustees. All this, we think, has been sufficiently effected in the case under consideration. Nor is such a provision contrary to the policy of the law, or to any act of assembly. Creditors cannot complain, because they are bound to know the foundation upon which they extend their credit. The act of assembly, cited from 1 *Smith's Laws,* 7, does not apply, the land in question not being the land of *Sample Taylor,* the defendant. He has no life estate in it, nor any interest which is subject to be sold for the payment of his debts. The benefit he derives under the will of his father, is merely the right of receiving from the trustees, the rents and profits of the premises, which they hold under the deed from *John Graham* and wife; to the perception of those rents and profits, they are in the first place entitled, for the purpose of fulfilling their trust.

We are of opinion, that the judgment of the Court of Common Pleas, was correct, and ought to be affirmed.

Tod, J., dissented.

Judgment affirmed.