# Lewis Bremer's Sons *v.* C. G. Mohn, Defendant, and H. G. Mohn et al., Executors of William Mohn, Deceased, Garnishees, Appellants.

*Will—Legacy—Life estate—Trusts and trustees—Attachment.*

Where a testator gives his estate to trustees to pay over the income thereof to a son for life, and after the son's decease to pay over the principal to testator's children, the life estate of the son is subject to attachment for his debts, and so long as an attachment against the son remains in force, it is the duty of the trustees to hold the interest moneys as they fall due, over and above the amount of the son's exemption, to await the termination of the suit.

Argued May 24, 1895. Appeal No. 351, Jan. T., 1895, by garnishees, from judgment of C. P. Lancaster Co., March T., 1889, No. 7, on verdict for plaintiffs. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Attachment execution.

At the trial the jury returned the following verdict:

"Nov. 27, 1893, verdict of jury for the plaintiffs for six hundred and seventy-two dollars and twenty-three cents ($672.23), and further find that the executors of the will of Wm. Mohn, deceased, garnishees, received since the service of the attachment $1,130.64 interest on the fund placed in their hands for

investment under the will of Wm. Mohn, deceased, and the interest of which was payable to Cyrus G. Mohn, defendant, subject to the points of law reserved."

The court entered judgment on the verdict, BRUBAKER, J., filing the following opinion:

" This was a case of attachment ad lev. deb. which was issued on Feb. 11, 1889, to satisfy a judgment held by the plaintiffs against the defendant to November term, 1888, No. 96, for the sum of $494.29, with interest from the date of its entry, Nov. 24, 1888. At the conclusion of the testimony a verdict was directed by the court for the plaintiffs for the sum of $672.23, on the following reserved points, viz :

" 1. Whether under the will of William Mohn deceased, in connection with the testimony admitted at the trial, the interest accruing to the defendant in his judgment is subject to the attachment.

." 2. Whether the garnishees were justified in paying over to the defendant the semiannual interest coming to him on the legacy held in trust under his father's will, instead of satisfying the attachment execution.

" The will of William Mohn, the father of the defendant, is a short one. The disposition of his whole estate is contained in one item, which reads as follows :

" 'Item. I order and direct my hereinafter named executors, or the survivor of them, to sell all my personal and real estate property I may be the owner of at the time of my decease, either at public or private sale, to the best advantage of my estate, and give good and lawful deed or deeds to the purchaser or purchasers of said real estate in fee simple, as soon as the same can conveniently be done.

" 'Item. I order and direct my hereinafter named executors, or the survivor of them, to invest the balance of all the moneys arising from my estate in good security, and the interest arising therefrom shall be paid semiannually unto my son, Cyrus G. Mohn, for and during his natural life, and after his decease the principal sum shall be paid to all my children, share and share alike, namely, James, Cyrus, Henry, William, Jeremiah, Richard, John, Susan and Catharine, if they be living, and if any or all of them be deceased, then to their legal heirs in the same manner.'

" It is not denied that the main intent of the testator was to create an active trust for the use of his son, Cyrus G. Mohn, the defendant, during his life, for the purpose of preserving the corpus of the estate for his other children in remainder. It is hard to conceive how any other construction could be placed upon it. As there is no ambiguity in the language used by the testator, we must be governed by the plain rule of construction, that the intent of the testator must be gathered from the four corners of the will. Nor can it well be denied that the life interest of such a fund as is here created is liable to attachment by the creditors of the legatee, as is here contended.

" It was held in Park v. Matthews, 36 Pa. 28, that such a legacy was attachable. To quote from this opinion : ' If the trustees had withheld it from him, he could have sued for and received it. Whenever a party has a right of action, his creditors may attach the debt, unless it be for wages.' See, also, Trust Company v. Chambers, 46 Pa. 486.

" The testimony adduced by the garnishees in this case, to show the surrounding circumstances of the testator and his family, even if it were proper evidence to be taken into consideration in construing the will in question, would not support the position taken by the garnishee's counsel, that is, that the trust created was a spendthrift trust.

" Is there anything in the position of the learned counsel for the garnishees in reference to the claim of the defendant for the exemption of $300 ?   It was contended by them that as the garnishees never had $300 in their hands at any one time, they were justified in paying out the semiannual interest, as it had accrued. It will be noticed from the verdict of the jury that sufficient moneys had come into the hands of the garnishees to satisfy both the claim of exemption and the writ of attachment. So long as the attachment remained in force it was undoubtedly the duty of the garnishees to hold the interest moneys, as they were falling due from time to time, over and above the amount of the defendant's exemption allowed by law, to await the termination of the suit. The general issue in these cases, raised on the trial by the very nature of the attachment proceedings, is whether the garnishees at the time of the attachment or at any time after, had any money or goods of the defendant in his

hands: Sheetz v. Hobensack, 20 Pa. 412. The uncontroverted fact in this case is that the executors of the will of William Mohn, deceased, the garnishees, had received since the service of the attachment, the sum of $1,130.64, which was paid over to the defendant as interest as fast as it fell due, semiannually, on the first days of April and October in each year, in installments of $125.70, the principal of the legacy being $4,235.00. The aggregate of the interest moneys was sufficient to satisfy this judgment as well as the defendant's exemption.

" We are obliged, therefore, to dismiss this rule, and enter judgment on the verdict as rendered for the plaintiff, to wit, for the sum of $672.23 with costs of suit. Let the verdict be so entered.

*Error assigned*, was in not entering judgment for defendant. Non obstante veredicto.

*Wm. F. Beyer, A. J. Eberly* and *Wm. D. Weaver*, with him, for appellants.—The courts will receive evidence of facts and circumstances relating to testator's family to assist in construing a will: Barr's App., 2 Pa. 428; Marshall's App., 2 Pa. 388; Earp's Will, 1 Parsons, 453. The construction should be consistent with the whole scheme of the will: Middleswarth's Adm. v. Blackmore, 74 Pa. 418; Schott's Est., 78 Pa. 40; Edmonson v. Nichols, 22 Pa. 79.

*George Nauman* and *Wm. T. Brown*, for appellee were not heard, but cited in their printed brief, on the question of the interest in a fund bequeathed being attachable: Park v. Matthews, 36 Pa. 28; Mahon v. Kunkle, 50 Pa. 216; Sheetz v. Hobensack, 20 Pa. 414.

PER CURIAM, May 30, 1895:
The facts of this case sufficiently appear in the opinion of the learned trial judge and the questions of law reserved, subject to which the verdict was taken against the garnishees, appellants. An examination of the record has satisfied us that neither of the specifications of error should be sustained. Judgment was rightly entered against the garnishees, and the same is affirmed on said opinion.

Judgment affirmed.