# Shoup's Estate.

*Trusts and trustees—Spendthrift trust—Parol evidence—Will.*

The mere fact that testator left a portion of his estate to a daughter absolutely, and another portion to a son in trust to receive the income only, raises no presumption that he intended to create a spendthrift trust for the son, nor in such a case will evidence be admitted, in order to establish a spendthrift trust, that the son was insolvent and incapable of making a living for himself.

Argued April 10, 1906. Appeal, No. 36, April T., 1906, by Edward A. Young, trustee, from decree of O. C. Allegheny Co., March T., 1905, No. 152, dismissing exceptions to adjudication

in estate of John Shoup, deceased.   Before RICE, P. J., POR-
TER, HENDERSON, MORRISON and HEAD, JJ.   Affirmed.

Exceptions to adjudication.

HAWKINS, P. J., filed the following opinion:

The question involved in this case is the admissibility of
parol evidence to show that this testator intended to create a
spendthrift trust for his son.

The facts are these :

Testator gave one-third of his residuary estate to his execu-
tor "in trust that he shall put and place the same out at inter-
est on good real security, or such other securities as he may
see fit, and shall pay over the interest or dividends therefrom
from time to time when and as the same shall be got in and
received by him unto my son Lewis Shoup for the term of
five years from the date of my decease, at the end of which
time I give, devise and bequeath unto my said son Lewis
Shoup, his heirs and assigns, forever, the principal of the
said one-third share of my residuary estate, with the excep-
tion of ten thousand dollars of said one-third share, which I
direct my said executor shall keep in trust and invest the
same to the best advantage for and during the natural life
of my said son Lewis Shoup ; and from time to time as the
same shall be got, to pay over to my said son for and during
his natural life all the income, interest and dividends arising
out of said trust; and upon the decease of my said son Lewis
Shoup, I give, devise and bequeath unto the children of my
said son Lewis, and my children, or their respective heirs and
assigns, share and share alike, the aforesaid ten thousand dol-
lars ($10,000)."   The present account embraces this special
fund of $10,000, and the interest of which was claimed under
assignment made by the cestui que vie ; but the trustee ob-
jected that this interest was protected by a spendthrift trust,
and in support of this construction proposed to show in con-
nection with the above-quoted clause that "at the time the
will was made, and prior thereto, said Lewis E. Shoup was
insolvent and utterly unsuccessful in business and entirely
incapable of making a living for himself; all of this to his
father's knowledge at the time the will was made."   To this

offer objection was made and the objection sustained by the auditing judge.

It would have been of but little avail for the legislature to require that a will ab origine should be in writing, or fence the testator around with a guard of attesting witnesses, if, when the writing failed to make a full and explicit disclosure of his scheme of disposition, its deficiencies might be supplied or its inaccuracies be corrected from extrinsic sources : 1 Jarman on Wills, p. *409, ch. 13. In cases of doubtful construction, the circumstances in which a will was made are, it is true, admissible in aid of the ascertainment of intent; but the will itself must give rise to the question. Stambaugh's Estate, 135 Pa. 585, upon which exceptant relies, carried this rule of extrinsic evidence to the verge ; and in view of the fact that there were, as the court finds, no creditors claiming, it is difficult to see how the question of spendthrift trust could have arisen ; but even there the face of the will showed the improvident character of the donee and suggested the reason for the creation of the trust—the son appearing as the testator's debtor, and impliedly unable to pay, for his debt is deducted from his share of the estate and the residue placed beyond the hazard of his improvidence. The court did not undertake to inject a new condition of enjoyment into the gift, but said that the intent must be " gathered from the will itself," and " the light of circumstances." The will as the essential basis of construction was distinctly recognized. That case, then, is clearly distinguishable from the present. There is nothing on the face of this will importing an intent to create a spendthrift trust. It contains a simple direction to pay, without any suggestion of exclusive enjoyment, and therefore without any intent of exclusion. But it is said that the creation of every trust implies disability, and the proposed evidence of donee's improvidence shows a necessity, and therefore an intent, to protect. It may be conceded that the creation of a trust does imply disability of some kind, but it does not necessarily imply disability of improvidence ; it may mean lack of business experience in the donee, and is entirely consistent with the absolute use of the benefit intended, as a multitude of similar cases in the books show ; or the purpose of the trust may have been to preserve the remainder and leave the cestui que vie free to

162, (1906).]   Opinion of Court below—Opinion of the Court.

use his bounty as he pleases —" learning by his griefs." Absolute, vesting is always favored ; and when there are neither express nor implied restrictions on the use in the will itself, incidental liability for the donee's debts follows, as of course. The statute of wills makes the writing the source of every testamentary right, and the courts have said again and again that wills must be construed by their four corners ; and where there is a gift absolute on its face the presumption is that it was intended to be absolute in its use.   Why this particular trust was created the will fails to disclose, and there is consequently no occasion for construction and no reason for the aid of extrinsic evidence.   There being then no suggestion of restriction in the use of the income on the face of the will, the presumption is that it was intended to be the subject of assignment or attachment as incidents of absolute ownership.

The exceptions must therefore be dismissed.

*Errors assigned* were in dismissing exceptions to adjudication.

*R. T. M. McCready*, for appellant.—Sufficient doubt appears on the face of the will to require the admission of extrinsic evidence to throw light upon its meaning.

Assuming that the bare language of the trust itself raises a presumption that the use of the income was to be unrestricted, such presumption is rebuttable, not conclusive, and is to be considered in the light of (1) the other provisions of the will; (2) the facts and circumstances surrounding the making of the will: Stambaugh's Estate, 135 Pa. 585 ; Winthrop Co. v. Clinton, 196 Pa. 472 ; Allshouse's Estate, 23 Pa. Superior Ct. 146 ; Rouser's Est., 8 Pa. Superior Ct. 188 ; Sharp v. Wightman, 205 Pa. 285 ; Zeigler v. Eckert, 6 Pa. 13 ; Postlethwaite's App., 68 Pa. 477 ; MacConnell v. Wright, 150 Pa. 275 ; Keyser v. Mitchell, 67 Pa. 473.

*Jos. Howley*, with him *W. A. Hudson*, for appellee, cited : Bremer v. Mohn, 169 Pa. 91 ; Park v. Matthews, 36 Pa. 28 ; Girard Life Ins. & Trust Co. v. Chambers, 46 Pa. 485.

OPINION BY RICE, P. J., May 14, 1906 :

It was said in Mehaffey's Estate, 139 Pa. 276, that it is well settled by an unbroken line of cases, commencing with Fisher

v. Taylor, 2 Rawle, 33, that, "by using apt words" a parent may create a special trust for the benefit of an unfortunate or a spendthrift child, without exposing his bounty to liability for any debts, contracts, or engagements of the beneficiary. No "apt words" for the creation of such special trust appear in the will; but it has been declared that a specific provision that the income shall not be subject to the debts or liabilities of the beneficiary is not absolutely essential to the accomplishment of this object, but that the trust will be construed to be a spendthrift trust, if the terms of the instrument creating it show that the donor's intention would be frustrated by the subjection of the income to the claims of creditors: Winthrop Co. v. Clinton, 196 Pa. 472. But while under the law of this commonwealth spendthrift trusts are not regarded with disfavor, yet they are not looked upon with such special favor as warrants the courts in construing a trust to pay the income of a fund to the testator's son for life, without more, to be a spendthrift trust, or, in case of such a gift, departing from the general rule that when the language of a will is clear and unambiguous a doubt suggested by extrinsic evidence cannot be permitted to affect the construction of the instrument. But it is argued that, the mere creation of the trust for a son, while reposing confidence in others "contrary to the usual order of things," is enough in itself to raise a doubt as to the intention of the testator, thus taking such a case out of the general rule last stated. This argument, as applied to this case, is based largely on the distinction which the testator made between his only son and his married daughter. But assuming for a moment, as the learned counsel contends, that this indicates that the testator had less confidence in the former than in the latter, it seems to us a non sequitur to say that it also gives rise to doubt whether the language of the gift of $10,000 in trust to pay the income to the son for life fully expresses the testator's intention as to the right of the son to subject the same to liability for his debts and engagements. The language of the gift to the son being clear and unambiguous is not rendered doubtful in meaning by the mere fact that the gift to the daughter was not restricted to the income. Why the testator made this difference is matter of speculation; but inability to discover from a perusal of the will the reasons which influenced him to make the distinction is one

thing, while to doubt whether the will fully expresses his intention is another and quite different thing.    The former, standing alone, is no ground for resorting to extrinsic evidence.    Presumably, withholding the principal from the son, and giving him the income only, constituted the full measure of restriction upon the son's possession and enjoyment of that part of the estate which the testator deemed wise under the circumstances. If parol evidence was admissible in this case to sustain a construction whereby the trust as to the fund in question would be converted into a spendthrift trust, it is difficult to see why such evidence should not be admitted in every case, no matter how clear and unambiguous the terms of the will, where a testator has given a share of his estate to one child absolutely, and has restricted his gift to another child to the income of another share which he has put in trust.    This would be in plain contravention of the general rule that extrinsic evidence will not be admitted to create a doubt, and thus affect the construction of a will which on its face is clear and free from doubt and needs no construction.    We all concur in the conclusion reached by the court below, and in the reasons assigned therefor in the opinion filed by its learned president.    His discussion of the questions involved, and of the distinctions between Stambaugh's Estate, 135 Pa. 585 (which in Winthrop Co. v. Clinton, 196 Pa. 472, was conceded to be an extreme case) and the case at bar, renders further elaboration by us unnecessary.

The decree is affirmed, the appellant to pay the costs.