# Kunkel *v.* Kemper.

*Will—Trusts and trustees—Separate use trust—Spendthrift trust—Foreign attachment.*

The testator bequeathed to his executors "the sum of $50,000 in trust, to invest and keep the same invested in good, interest paying securities, well secured first mortgages on real estate to be preferred when obtainable; to collect and receive the interest and income therefrom and pay the same over to my daughter, in equal quarterly payments during the period of her natural life, for her own sole and separate use and behoof," and upon her decease to pay the income for the maintenance of such issue as may survive her until their arrival respectively at the age of twenty-one, and after such time to pay the said income to such issue personally, and on the arrival of each of said issue at the age of twenty-five to pay to him a proportionate share of the principal. The daughter was married at the date of the will, but was divorced and remarried prior to 1901. A foreign attachment was issued against her in 1904. To another daughter testator bequeathed $75,000 outright. The other provisions of the will indicated no intention to create a spendthrift trust. *Held,* that a foreign attachment issued against the daughter after her divorce and remarriage bound the income in the hands of the trustees.

Argued Oct. 11, 1906. Appeal, No. 184, Oct. T., 1906, by William S. Price and Thomas Fort, Jr., Executors and Trustees of Thomas W. Price, deceased, Garnishees, from judgment of C. P. No. 5, Phila. Co., March T., 1904, No. 61, against Garnishees in foreign attachment in case of John A. Kunkel v. Mary Price Kemper. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Foreign attachment.

Rule for judgment against garnishees.

The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for $412.62 against the garnishees.

*Henry Budd*, for appellants.—Separate use trusts are not confined to life estates.    They may be perfectly valid if in fee: Shonk v. Brown, 61 Pa. 320; Hays v. Leonard, 155 Pa. 474; Holliday v. Hively, 198 Pa. 335; MacConnell v. Lindsay, 131 Pa. 476; Wright v. Brown, 44 Pa. 224; Samson's Est., 22 Pa. Superior Ct. 93; Shields v. McAuley, 205 Pa. 45.

The fact that the interest given to Mrs. Kemper is but the income of the fund expressly for the period of her natural life, is persuasive to the conclusion that Thomas W. Price desired to protect his daughter from something beside the importunity of her husband, and that the trust here considered is not a mere separate use in the technical sense.    A technical separate use estate for a married woman does not require to be supported by a trustee, while the absence of a trustee, allowing the cestui que trust to the trustee for himself, is fatal to the existence of a spendthrift trust: Hahn v. Hutchinson, 159 Pa. 133; Wanner v. Snyder, 177 Pa. 208.

*Joseph H. Shoemaker*, for appellee.—The intent to create a spendthrift trust must not be merely discernible, but as the trust is an anomaly in the law, must be unmistakable: King's Est., 147 Pa. 410; Girard Life Ins. & Trust Co. v. Chambers, 46 Pa. 485; Park v. Mathews, 36 Pa. 28.

A bequest to be under the control of executors "to go to the use" of certain persons "when necessity requires" does not create a spendthrift trust: Smeltzer v. Goslee, 172 Pa. 298.

OPINION BY RICE, P. J., February 25, 1907:

The testator bequeathed to his executors "the sum of $50,000 in trust, to invest and keep the same invested in good, interest paying securities, well secured first mortgages on real estate to be preferred when obtainable; to collect and receive the inter-

est and income therefrom and pay the same over to my daughter, Mary, in equal quarterly payments during the period of her natural life, for her own sole and separate use and behoof," and upon her decease to pay the income for the maintenance of such issue as may survive her until their arrival respectively at the age of twenty-one, and after such time to pay the said income to such issue personally, and on the arrival of each of said issue at the age of twenty-five to pay to him a proportionate share of the principal. The daughter Mary was married at the date of the will, but was divorced and remarried prior to 1901. This foreign attachment was issued in 1904. The question is whether the income which accrued after her divorce and remarriage was attachable for her debts. The appellants' counsel concedes that if a mere separate use trust was created, it ceased, as such, upon Mary becoming discovert and did not revive on her remarriage. But he argues that, whatever its other characteristics may be, it is a spendthrift trust. He suggests as a circumstance tending to this conclusion that in making the bequest directly to trustees the testator took a precaution which would have been unnecessary had he desired merely to create a separate use trust. But while the naming of a trustee is not absolutely essential in the creation of a separate use trust, it is wise and not uncommon to name one ; and, as the appellee's counsel says, the testator had reason for doing so because of the continuation of the active trust for those in remainder. Nor does the fact that the right of Mary was strictly limited to her natural life raise an implication of an intention to create a spendthrift trust instead of a mere separate use trust; for although a gift in fee may be subjected to the latter trust it is not necessary to the validity of the trust that the gift be in fee. Comment is made on the fact that the testator gave to Mary the mere income for life of $50,000, and this in trust, and gave to her sister, Mrs. Switzer, $75,000 outright. That he had a reason, satisfactory to himself, for subjecting the one bequest and not the other to a trust is to be assumed ; but the difference between the two gifts as to form and amount furnishes no ground for inference that he intended to protect the gift to the former against her own improvidence as well as against the importunities of her husband, when the words in which he expressed his intention imply no more than the latter. Why the testator

made this distinction between his two daughters is matter of
speculation; but, as was remarked in a recent case, inability to
discover from a perusal of the will the reasons which influenced
him to make the distinction is one thing, while to doubt whether
the will fully expressed his intention is another and quite dif-
ferent thing : Shoup's Estate, 31 Pa. Superior Ct. 162. As
shown by the authorities cited in the opinion of the learned
judge below, it is not essential to the creation of a spendthrift
trust that the instrument should contain words specifically
providing that the income, if that be the gift, shall not be sub-
ject to the debts or liabilities of the beneficiary, and in Winthrop
Co. v. Clinton, 196 Pa. 472, Justice GREEN referred to Stam-
baugh's Estate, 135 Pa. 585, as "a remarkable instance of the
absence of any such words, or of any of the words ordinarily
used to create a spendthrift trust." Even in that extreme case
there were circumstances, partly disclosed by the will itself,
tending to show the motive of the testator, and the purpose he
had in view in putting the gift of the income to his son Moses
in trust, and the consideration of these circumstances turned
the scale in favor of the construction which would accomplish
that purpose. In this case there is no circumstance, extrinsic
or otherwise, to throw light upon the testator's intention, except
the fact that his daughter was a married woman ; but he used
words to protect her in the control and enjoyment of the gift
to the full extent that such circumstance alone gives rise to the
necessity for such protection. What right have we to assume
that he did not consider this all that was required for the pur-
pose he had in mind ? In Winthrop Co. v. Clinton, 196 Pa. 472,
the words "to pay said net income quarter yearly unto my son,
Winifield A. Clinton, for his use and support, for and during
all the term of his natural life, and not to be liable to anticipa-
tion, and his receipt alone to be the sole discharge to my said
trustees" plainly distinguish the case from the present. There
evidently was no intention to overrule the case of Girard Life
Insurance & Trust Co. v. Chambers, 46 Pa. 485, which is more
nearly like the present case, for Justice GREEN took pains to
point out the peculiar significance of the gift for "support"
and the difference between it and a gift for "his own use and
benefit" and to say that "a fund which is to be paid to a cer-
tain cestui que trust for his own use and benefit is absolutely

his own, as was held in the case referred to, and therein lies the difference between that case and this." In Hays's Estate, 201 Pa. 391, stress was laid on the words, " shall be paid into their own hands respectively upon their sole receipt therefor " in the clause creating the trusts for the testator's daughters. As to the daughter whose share it was attempted to attach Justice MESTREZAT said : " The principal of the fund was not hers and by the plain language of the will, the income could only become hers when it was paid by the trustee into her own hands, and her receipt was given therefor. The instrument creating the trust which is the law of the case, shields and protects the fund from the time it is produced until it is delivered to and accepted by the beneficiary." He was speaking of the will then under construction, and we do not understand that it was intended to lay down a general rule that a gift to trustees to pay over the income to a married daughter for her own sole and separate use and behoof is always to be considered as depriving her of the right, which ordinarily attaches to such a gift, to subject it to liability for her debts after she becomes discovert. The language of that will was simply construed to mean what Justice MESTREZAT said in the clause of the opinion above quoted. As counsel for appellee says, it was not because the income was to be paid over to the beneficiaries that it could not be attached, but because it was to be paid " into their own hands " upon " their own receipt," these words showing the testator's intention not to permit it to be diverted by any means. The cases cited by the learned judge below show quite clearly that a mere direction " to pay over " to the cestui que trust does not imply an intention to create a spendthrift trust. In the absence of apt words for that purpose, it must appear that the donor's intention would be frustrated by the subjection of the income to the claims of creditors. A conclusion that the testator's intention would be frustrated unless this be held to be a spendthrift trust would have no substantial foundation.

Judgment affirmed.