# McCurdy *v.* Bellefonte Trust Co. et al., Appellants.

*Trusts and trustees—Spendthrift trust—Wills.*

1. While under the law of Pennsylvania, spendthrift trusts are not regarded with disfavor, yet they are not looked upon with such special favor as to warrant the courts in construing a trust to pay the income of a fund to the testator's son for life, without more, to be a spendthrift trust.

2. A trust will not be construed of the spendthrift kind, unless the language of the instrument by which it is created, warrants the construction.

3. Where a will by a mother creates a trust for a son, but contains no suggestion that the trust fund should be exempt from the son's creditors, or that he had any creditors except the testatrix or that he was improvident, the court will not construe the will so as to create a spendthrift trust. Stambaugh's Est., 135 Pa. 585, distinguished.

4. In such case the fact that, sometime after the execution of the will, testatrix signed a note with her son, cannot influence the conclusion as to the nature of the trust.

5. An interest of a beneficiary in an ordinary trust, is subject to attachment.

Argued January 30, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 64, Jan. T., 1928, by defendants, from order of C. P. Center Co., Dec. T., 1926, No. 107, refusing to quash attachment, in case of Charles M. McCurdy, president of the First National Bank of Bellefonte to use of Bellefonte Trust Co. v. Bellefonte Trust Co., executor and trustee under will of Louise T. Bush, deceased, garnishee, et al. Affirmed.

Rule to quash attachment execution. Before FURST, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged. Defendants appealed.

*Error assigned,* inter alia, was order, quoting record.

*Arthur C. Dale* and *Ellis L. Orvis,* with them *W. D. Zerby,* for appellant.—The intent of testatrix must be ascertained from the face of her will; but the meaning of the will must be interpreted in the light of all circumstances of which testatrix was surrounded, when she made it, and by which she was undoubtedly influenced: Stambaugh's Est., 135 Pa. 585.

When all the provisions of the will of Louise T. Bush are considered in their relation to each other it is driven home to us with compelling force that the intent of the testatrix was to create for her son, George, a spendthrift trust: Mehaffey's Est., 139 Pa. 281; Beck's Est., 133 Pa. 51; Steitzinger's Est., 170 Pa. 500.

1928.]        Arguments—Opinion of the Court.

*Newton B. Spangler,* with him *Ivan Walker,* for appellee.—In the following cases it was held there was no spendthrift trust: Kunkel v. Kemper, 32 Pa. Superior Ct. 360; Shoup's Est., 31 Pa. Superior Ct. 162; Girard Life Ins. Co. v. Chambers, 46 Pa. 485; Harrison v. McCana, 11 W. N. C. 239; Morgan's Est., 223 Pa. 228.

OPINION BY MR. JUSTICE WALLING, March 12, 1928:

The late Louise T. Bush, of Center County, by her last will, executed September 17, 1921, gave certain specific legacies and provided, inter alia, "I direct that all in-indebtedness owing to me by my son, George T. Bush, at the time of my death, shall remain as an indebtedness by him to my estate, and the payment of the principal thereof shall not be enforced until after his death." She also directed that her daughter and George T., be permitted to occupy their respective apartments in her arcade building so long as they desired, free of charge. The will further provides: "All the rest, residue and remainder of my estate, and property, real, personal and mixed, and wheresoever situate or being, of which I shall [die] seized or possessed, including all indebtedness due from [and] payable by my son, George T. Bush, I give devise and bequeath unto the Bellefonte Trust Company, of Bellefonte, Pa., upon the following trusts, viz.:

"I direct that after the payment of all annual taxes, interest on mortgage and all other necessary and legal expenses, that the net income derived from my property shall be paid semiannually to my daughter Elizabeth H. B. Callaway, and to my two sons George T. Bush and Harry P. Bush, share and share alike during their lifetime, and to the survivors or survivor of them during the lifetime of such survivors or survivor;

"I direct that my estate shall remain in trust until the deaths of my daughter Elizabeth H. B. Callaway, and my two sons George T. Bush, and Harry P. Bush;

"I direct, however, that should the above mentioned trustee and subject to the approval of my son George T. Bush, and my granddaughter Magdalene C. Thompson, or either of them, deem it to the best interest of my estate to sell any of my real estate, I hereby authorize my said trustee to make sale thereof and empower said trustee to give a good and sufficient deed or deeds for the conveyance thereof." A later provision gives the corpus of the trust fund to certain named grandchildren upon the death of her last surviving child.

In 1922 testatrix and her son, George T., gave a $3,000 judgment note to the First National Bank of Bellefonte. After the death of testatrix judgment was entered upon that note against said George T. Bush and an execution attachment was issued thereon naming the trustee as garnishee. The defendant sought to have the attachment quashed on the contention that the will created a spendthrift trust. The trial court overruled this application and the defendant, George T. Bush, has appealed.

The appeal cannot be sustained. It is perfectly competent for a donor or testator to creat a valid spendthrift trust so as to protect the trust property from the creditors of the donee or legatee. In the language of Mr. Justice STERRETT, in Mehaffey's Est., 139 Pa. 276, 281: "It is well settled by an unbroken line of cases, commencing with Fisher v. Taylor, 2 Rawle 33, that, by using apt words, a parent may create a special trust for the benefit of an unfortunate or a spendthrift child, without exposing his bounty to liability for any debts, contracts, or engagements of the beneficiary." These trusts are sustained out of regard to the donor's right to control the disposition of his own property: Morgan's Est. (No. 1), 223 Pa. 228; Thackara v. Mintzer, 100 Pa. 151; Holdship v. Patterson, 7 Watts 547. As stated by Judge RICE, in Shoup's Est., 31 Pa. Superior Ct. 162, 166: "While under the law of this Commonwealth spendthrift trusts are not regarded with disfavor, yet they are not looked upon with such special favor as war-

rants the courts in construing a trust to pay the income of a fund to the testator's son for life, without more, to be a spendthrift trust." And a trust will not be construed of the spendthrift kind, unless the language of the instrument, by which it is created, warrants that construction. While the will or deed often expressly exempts the trust fund from the claims of the creditors of the beneficiary, yet any language which calls for that conclusion is sufficient. In the instant case, however, the will contains no suggestion that the trust fund shall be exempt from the beneficiary's creditors or that he had any creditors, except the testatrix, or that he was improvident. The trust created by the will is alike for the three children and the testatrix shows especial confidence in the son George T., by providing for his approval of the sale of real estate.

Stambaugh's Est., 135 Pa. 585, relied on by appellant, is not controlling here. There a father was making provision for an insolvent son, who had made an assignment for the benefit of creditors, and the language of the will, read in the light of the attending circumstances, was held sufficient to indicate an intent to protect the fund from the claims of creditors. It has been regarded as an extreme case. See Winthrop Co. v. Clinton, 196 Pa. 472, 477; Kunkel v. Kemper, 32 Pa. Superior Ct. 360, 363. In the latter case, Judge RICE says: "Even in that extreme case there were circumstances, partly disclosed by the will itself, tending to show the motive of the testator, and the purpose he had in view in putting the gift of the income to his son Moses in trust, and the consideration of these circumstances turned the scale in favor of the construction which would accomplish that purpose." The Stambaugh Case cannot be construed as indicating that a spendthrift trust can be created without language in the instrument fairly justifying the conclusion that such was the donor's or testator's intent.

That sometime after the execution of the will in the case in hand, testatrix signed a note with her son George, cannot influence the conclusion as to the nature of the trust in question. Whether George T. had made a valid assignment of his interest in the trust estate prior to the attachment can be determined at a later stage of the proceedings. This is the case of an ordinary trust and as such the interest of the beneficiary is subject to attachment: Bremer v. Mohn et al., 169 Pa. 91; The Girard Life Insurance and Trust Co. v. Chambers, 46 Pa. 485, 492; Kunkel v. Kemper, supra.

The judgment is affirmed.