## Butler County National Bank *v.* MacMullen et al., Appellants (No. 1).

## Butler County National Bank *v.* MacMullen et al., Appellants (No. 2).

*Wills—Construction—Trusts and trustees—Spendthrift trust—Attachment execution.*

1. Where testatrix gives her household goods and personal effects to her husband for life not to be liable to the payment of his debts, and loans the residue of her estate to a trustee to pay the net income to her husband for life, and at his death to pay the net income to a daughter until she is thirty years old with separate use and spendthrift trust provisions, the husband's life interest in the income of the residue is not a spendthrift trust, but is attachable for his debts.

2. In such case, the fact that testatrix knew that her husband was in debt, does not show that she intended the spendthrift provision to apply to his income under the trust of the residue.

3. Nor is it proper to apply to such a will the principle that an additional legacy given to one to whom a legacy has been previously given, is prima facie subject to the same incidents as the one originally given, as they are not of the same class here.

*Attachment execution—Verdict—Income on trust estate—Legacy in executor's hands—Judgment—Modified by appellate court—Act of June 13, 1836, P. L. 606.*

4. In an attachment execution against executors for a legacy due defendant in the execution, a verdict is not in proper form under the Act of June 13, 1836, P. L. 606, if it is entered for the

BUTLER CO. N. BK. *v.* MacMULLEN, Aplnt. (No. 1). 557

1928.]                    Syllabus—Arguments.

amount of the judgment and not for the amount in the executors' hands due defendant.

5. If such a verdict has been rendered and it appears that there has been no request to instruct the jury to find a verdict in proper form, the Supreme Court on appeal will modify and amend the judgment entered on the verdict.

6. A verdict against a trustee in an attachment execution for income due defendant, is in proper form if it states the amount of the judgment, where the amount coming into the hands of the garnishee cannot be ascertained at the time of the verdict.

Argued March 14, 1928. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

Appeals, Nos. 65 and 66, March T., 1928, by garnishees, from judgments of C. P. Allegheny Co., Jan. T., 1925, No. 425, and April T., 1924, No. 874, on verdicts against garnishees, in cases of Butler County National Bank for use of D. G. Bradner, now to use of E. E. Arrowsmith, ancillary administrator c. t. a. of Estate of D. G. Bradner v. George W. MacMullen, defendant, and Fidelity Title & Trust Co., Trustee under will of Katherine R. MacMullen, deceased, garnishee, and Butler County National Bank, for use of D. G. Bradner, now for use of E. E. Arrowsmith, ancillary administrator c. t. a. of Estate of D. G. Bradner, deceased, v. George W. MacMullen, defendant, and Fidelity Title and Trust Co. and George W. MacMullen, executors of will of Katherine R. MacMullen, deceased, garnishee. Judgment modified and affirmed in No. 65. Judgment affirmed in No. 66.

Attachment executions against executors and trustees. Before Ford, J.

The opinion of the Supreme Court states the facts.

Verdicts and judgments for plaintiff. The garnishee appealed.

*Errors assigned,* inter alia, were refusal of binding instructions for garnishees, quoting record, and refusal

558 BUTLER CO. N. BK. *v.* MacMULLEN, Aplnt. (No. 1).

Arguments. [292 Pa.

of judgments for garnishees n. o. v., and entering judgments on the verdicts, quoting record.

*H. D. Montgomery* and *A. M. Imbrie,* for appellant.— In this case the issue raised between the parties and to be decided by the jury was simply whether there was anything in the hands of the garnishee to which defendant was entitled and which should be applied to the satisfaction of plaintiff's judgment at the time of issue joined.

That the issue was joined when the plea was filed on May 13, 1925, is well established: Mahon v. Kunkle, 50 Pa. 216; Caldwell v. Coates, 78 Pa. 312.

The true test as to what can be seized under an execution attachment is stated by Mr. Chief Justice BLACK, in Park v. Matthews, 36 Pa. 28.

The practice in execution attachment follows that of foreign attachment where not otherwise regulated by statute, so that cases in one form of procedure are generally authority in the other: Layman v. Beam, 6 Whart. 181; Hampton v. Matthews, 14 Pa. 105; Poor v. Colburn, 57 Pa. 415; Bouslough v. Bouslough, 68 Pa. 495; Caldwell v. Coates, 78 Pa. 312; Bonnaffon v. Thompson, 83 Pa. 460.

Under a proper interpretation of the will of Katherine R. MacMullen no portion of the income from the trust estate can be seized in execution or subjected to levy of execution process in the hands of the trustee in satisfaction of any debt of her husband, nor did said will create a spendthrift trust under which he is entitled to the income without the same being subject to the payment of any debts which he owed at the time of her death or might thereafter incur: Brooklyn Traction Co. v. Warrington, 277 Pa. 204; Stambaugh's Est., 135 Pa. 585; Frisbie's Est., 266 Pa. 574; Winthrop Co. v. Clinton, 196 Pa. 472; Austin-Nichols v. Trust Co., 289 Pa. 341.

BUTLER CO. N. BK. *v.* MacMULLEN, Aplnt. (No. 1). 559

1928.]        Arguments—Opinion of the Court.

*John M. Reed,* with him *E. Arrowsmith,* for appellee. —The verdicts were correctly entered and the evidence admitted showed assets subject to attachment: Bank of Chester v. Ralston, 7 Pa. 482; McCreary v. Topper, 10 Pa. 419; Chambers v. Baugh, 26 Pa. 105; Lorenz v. King, 38 Pa. 93; Bouslough v. Bouslough, 68 Pa. 495; Maurer v. Kerper, 102 Pa. 444; Ellwanger v. Moore, 206 Pa. 234; Bremer's Sons v. Mohn, 169 Pa. 91; Shoup's Est., 31 Pa. Superior Ct. 162; Girard Life Ins. Co. v. Chambers, 46 Pa. 485.

OPINION BY MR. JUSTICE SCHAFFER, April 9, 1928:

These two proceedings were tried and disposed of together in the court below. We will so act upon them.

Attachment executions were issued against George W. MacMullen, defendant, and in the one case against Fidelity Title and Trust Company and George W. MacMullen as executors of Katherine R. MacMullen, deceased, and in the other against Fidelity Title and Trust Company, trustee under her will, as garnishees. The trial in the court below resulted in verdicts against the garnishees in each case and these appeals are prosecuted by them. The attachments issued on a judgment confessed by George W. MacMullen.

Two questions are involved; first, whether George W. MacMullen had any interest under the will of decedent which is attachable, and, second, whether the form of the verdicts is according to legal requirements.

By her will testatrix provided as follows: "Second. I give and bequeath to my husband, George W. MacMullen, to be used by him during his life, and not in any way to be subject to the payment of any debts which he may owe at the time of my death or may thereafter incur, and upon his death to my daughter, Jean A. MacMullen, all my household goods, wearing apparel, jewelry and personal effects of every kind and character, the same to become the absolute property of my said daughter upon the death of my husband;......

560 BUTLER CO. N. BK. *v.* MACMULLEN, Aplnt. (No. 1).

Opinion of the Court.                    [292 Pa.

Third. I direct that all the rest, residue and remainder of my property and estate of every kind and nature, whether real, personal or mixed, and wheresoever situated, shall be transferred, conveyed and delivered by the executors hereunder to the Fidelity Title and Trust Company, of Pittsburgh, as trustee, under, subject to, and upon the following trusts and conditions, to wit: The said trustee shall take, hold, manage, invest and from time to time as may be necessary reinvest the same and shall pay the net income arising therefrom semi-annually to my said husband, George W. MacMullen, for and during the full term of his natural life. From and after the death of my said husband the net income arising therefrom shall be paid semi-annually by said trustee to my daughter, Jean A. MacMullen, until such time as she shall attain the full age of thirty years [with stipulations as to the payment of fractional parts of the corpus at stated intervals and certain other provisions as to payment of principal and part of income, not necessary to be recited]. All payments, both of interest and principal, to be made to my said daughter by the trustee hereunder, shall be made to her alone for her sole and separate use, without control thereof by any husband she may have at any time, without liability to attachment or seizure by anybody for debt or otherwise, and without power in my said daughter to convey, assign, or in any way transfer or encumber the same or any part or portion thereof. The trustee herein named shall have full and ample power to make all payments and distributions of income and principal and to do all things that may be found necessary to fully effectuate said trust or trusts."

Appellants contend that under these provisions of the will a spendthrift trust was created for George W. MacMullen of the income given to him and therefore it was not subject to attachment for his debts. The court below viewed otherwise and held the income liable to attachment. The language of the will is too plain to

BUTLER CO. N. BK. *v.* MACMULLEN, Aplnt. (No. 1). 561

1928.]                    Opinion of the Court.

reach any other determination. It was only the household goods and personal effects given by the second paragraph of decedent's will which were not to be liable to the payment of her husband's debts. There is nothing to carry this immunity into the third paragraph, wherein the trust is created for him, indeed such an idea is expressly repudiated by testatrix, because in that paragraph she does create a spendthrift trust so far as the daughter is concerned. If she had so intended for her husband with the thought in mind as it then was for the daughter, she would have applied it to the trust provision for him; that she did not, convincingly demonstrates that she did not so intend.

But, it is argued, she knew he was in debt, because an action had been brought to collect the very judgment involved in these proceedings in which she was required to take a part, and, therefore, she must have intended that the spendthrift trust provision should apply to all bequests to him. The difficulty is that she did not say so. In construing her will we are to reach a conclusion not based upon what she may have meant but upon what is the meaning of the language she used: Torchiana's Est., 292 Pa. 470. While in some instances, as appellants contend, it is essential in construing a will to put ourselves in the testator's place and to consider the circumstances surrounding him when he made it (Brooklyn Trust Co. v. Warrington, 277 Pa. 205), there must be something within the will itself which requires this and there is nothing here, and, while true it is, where we can gather from the language used that the testator's intent was to create a spendthrift trust, although his verbiage may not be that ordinarily used for that purpose, we will not permit the manifest intent to be defeated (Stambaugh's Est., 135 Pa. 585; Frisbie's Est., 266 Pa. 574; Moorehead's Est., 289 Pa. 542), in the will before us the manifest intent was not to create a spendthrift trust so far as the income payable to the husband is concerned. As was said in Bremer's

562 BUTLER CO. N. BK. *v.* MacMULLEN, Aplnt. (No. 1).

Opinion of the Court.                    [292 Pa.

Sons v. Mohn, 169 Pa. 91, 93, where the situation was very much as here, "As there is no ambiguity in the language by the testator, we must be governed by the plain rule of construction, that the intent of the testator must be gathered from the four corners of the will....... The testimony adduced by the garnishees......to show the surrounding circumstances of the testator...... would not support the position taken by the garnishee's counsel, that is, that the trust created was a spendthrift trust." See also Girard Life Ins. & Trust Co. v. Chambers, 46 Pa. 485. Nor do we think that such cases as Croxton's Est., 289 Pa. 433, cited by appellants, wherein the principle is declared that an additional legacy given to one to whom a legacy has been previously given is prima facie subject to the same incidents as the one originally given, have bearing on the will in hand. The legacy in the second paragraph is to the husband direct, that in the third to the Fidelity Company in trust for him. The legacies are not of the same class.

We then come to the form of the verdicts. In the case where the executors are garnishees, the finding is against them in the sum of $14,278.74, the total amount of the judgment and accrued interest "to be levied on the interest of the defendant, George W. MacMullen, in the estate of Katherine R. MacMullen, deceased, and to be paid as the interest of George W. MacMullen is due and payable" and the same finding was made in the case where the trustee is garnishee. Following the verdicts the court made an order directing judgment on each verdict, "the plaintiff however to be restrained from collection until the interest of George W. MacMullen in the estate of Katherine R. MacMullen is due and payable." The verdict as entered in the case against the executors did not comply with the requirements of the statute (Act June 13, 1836, section 58) : "If issue be taken and a trial be had upon any scire facias as aforesaid, the jury shall find what goods or effects, if any, were in the hands of the garnishees at the time

BUTLER CO. N. BK. *v.* MacMULLEN, Aplnt. (No. 1). 563

1928.]                    Opinion of the Court.

the attachment was executed as aforesaid or afterwards, and also the value thereof." At the time it was rendered there was in the executors' hands $1,235.25 of cash income due to George W. MacMullen. Under a somewhat similar situation in Flanagin v. Wetherill, 5 Wharton 280, where the verdict as here was the amount of the judgment, the court speaking through Mr. Justice SERGEANT said (p. 286) : "The verdict is not correct in form. The issue on nulla bona is, whether the garnishee had goods and effects of the defendant in his hands or not; and the verdict should respond to it. The 58th section of the Act of 13th June, 1836, directs that the jury shall find what goods and effects, if any, were in the hands of the garnishee at the time the attachment was executed or afterwards, and the value thereof. But this is a mere defect of form. The property in the garnishee's hands was money, and the court might have moulded the verdict into shape after it was rendered. We are bound to consider it as so amended rather than reverse the judgment contrary to the merits of the case. No request was made by the garnishee to the court to instruct the jury to find the verdict in due form. [None was made in the pending case.] If that had been done, and the instruction had been refused, or erroneously given, it might be error. No injury can result from the verdict if it is substantially a proper finding." We think the executors were protected by the verdict as rendered in the instant case and the order made by the court. As, however, under the case last cited and under Hanover Township School Directors, 290 Pa. 95, there can be no question about our power to modify and amend the judgment, we will do so. So far as the judgment against the trustee is concerned, we are of opinion that it is in proper form, as the amount coming into the hands of the trustee could not be ascertained at the time of the verdict: Bouslough v. Bouslough, 68 Pa. 495; Maurer v. Kerper, 102 Pa. 444.

564 BUTLER CO. N. BK. *v.* MacMULLEN, Aplnt. (No. 1).

Opinion of the Court.                    [292 Pa.

There are questions raised to the admissibility of evidence which need no consideration in view of our determination on the main questions.

The judgment in No. 65 March Term, 1928, is affirmed and the judgment in No. 66 March Term, 1928, is modified so as to stand: It is ordered that judgment be entered on the verdict in favor of plaintiffs and against the garnishee in the sum of $1,235.25, the amount of money in the hands of the garnishees payable to defendant and as thus modified it is affirmed.