## Trask, Appellant, *v.* Shaffer et al.

Argued March 7, 1940. Before KELLER, P. J., CUNNINGHAM,

506

BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*I. B. Rutherford,* of *Rutherford & Rutherford,* for appellant.

*Lester R. Male,* for appellee.

OPINION BY HIRT, J., June 26, 1940:

The question presented by this appeal is whether a testamentary provision in the will of a father in favor of his son operates as a spendthrift trust defeating the claim of an attaching creditor of the son.

Charles Shaffer died on October 20, 1933 and by his will directed that his estate be converted "into a form readily divisible" and distributed among his seven children. As to the share of the defendant the will provides: "To my son, Herman Shaffer: One-seventh of my entire estate, which part I direct that my executor place in a trust or other fund that will be competently administered. This fund to be established on the basis that this heir, Herman Shaffer, receive the annual income earned by it, and in addition $200 annually from the principal sum of the fund, or more, if, in the judgment of the officers of the trust, such increase in the amount paid is needful and advisable. I suggest that the First National Bank of Lake Ariel, be appointed trustee of this fund if they are qualified so to act. If

they are not qualified, I direct that any trustee be appointed that will in the judgment of the executors best serve the interest of the beneficiary. The remainder, if any, of this trust shall at the death of Herman Shaffer be divided equally among his heirs. If none are living then the residue shall revert to my estate." An identical trust was created for the benefit of another son, but as to each of the remaining five children one-seventh of the estate was directed "to be paid outright in such amounts and at such times as may, in the judgment of the executors, be expedient."

Plaintiff, the holder of a judgment against the defendant in the amount of $134 attached the fund held by Honesdale National Bank, the present trustee under the will, as garnishee. It is agreed that the Bank has a fund, in excess of $800, to the credit of the trust.

The question of the right of plaintiff to recover on the attachment was submitted to the lower court upon an agreed statement of facts, supplemented later, by the testimony of the scrivener who drew the will. After hearing, the court made the following order: "Under all of the circumstances in this case, we must hold that the trust fund established in the Honesdale National Bank by the will of Charles Shaffer is a spendthrift trust, and that neither the income thereof nor the additional payment of two hundred dollars per year is subject to attachment by the creditors of Herman Shaffer." This final order is the single error assigned.

It is well established that when the single assignment of error is to the final decree, the equity rule *(Atlas Portland C. Co. v. Am. Brick & Clay Co.,* 280 Pa. 449, 124 A. 650) applies and the only matter to be considered on appeal is, do the findings support it? Such assignment not only concedes the correctness of the findings of fact, but also all inferences that may be deducible therefrom. The evidence submitted to sustain them will not be inquired into: *Smith's Estate,* 308 Pa. 265, 162 A. 214.

508

While in some instances, it is essential in construing a will to put ourselves in the testator's place and to consider the circumstances surrounding him when he made it *(Brooklyn Tr. Co. v. Warrington,* 277 Pa. 204, 120 A. 825), there must be something within the will itself which requires this. When, as here, there is no ambiguity in the terms of the will and nothing in the language used from which it may be inferred that testator's intent was to create a spendthrift trust, a doubt suggested by extrinsic circumstances cannot be permitted to affect its construction. *Baker & Wheeler's Appeal,* 115 Pa. 590, 8 A. 630; *Meetkirk's Estate,* 118 Pa. Superior Ct. 562, 180 A. 172; *Butler Co. N. Bk. v. MacMullen,* 292 Pa. 556, 141 A. 484. Rather, the intent of the testator must be gathered solely from the four corners of the will: *Bremer's Sons v. Mohn et al.,* 169 Pa. 91, 32 A. 90. In construing a will we are to reach a conclusion based not upon what the testator may have meant but upon the meaning of the language used. *Torchinana's Est.,* 292 Pa. 470, 141 A. 294. Therefore, it is unimportant that the testimony of the scrivener did no more than indicate that testator intended that his son should not receive the whole legacy at one time, for fear of his squandering it. For even if this testimony had shown a clear intention to create a spendthrift trust, we are not bound by a conclusion of the lower court based upon that evidence, but in the absence of ambiguity in the will must determine the testamentary intent solely from the language used.

The difficulty with defendant's position is that there is not a word in the will itself to substantiate the court's finding that "the trust fund established ...... by the will ...... is a spendthrift trust." The situation is analogous to that before the Supreme Court in *McCurdy v. Bellefonte Trust Co.,* 292 Pa. 407, 141 A. 247, where the court said in the course of its opinion: "It is perfectly competent for a donor or testator to create a valid spendthrift trust so as to protect the trust prop-

erty from the creditors of the donee or legatee. In the language of Mr. Justice STERRETT, in *Mehaffey's Est.*, 139 Pa. 276, 281: 'It is well settled by an unbroken line of cases, commencing with *Fisher v. Taylor*, 2 Rawle 33, that, by using apt words, a parent may create a special trust for the benefit of an unfortunate or a spendthrift child, without exposing his bounty to liability for any debts, contracts, or engagements of the beneficiary.' These trusts are sustained out of regard to the donor's right to control the disposition of his own property: *Morgan's Est. (No. 1)*, 223 Pa. 228; *Thackara v. Mintzer*, 100 Pa. 151: 'While under the law of this Commonwealth spendthrift trusts are not regarded with disfavor, yet they are not looked upon with such special favor as warrants the courts in construing a trust to pay the income of a fund to the testator's son for life, without more, to be spendthrift trust.' And a trust will not be construed of the spendthrift kind, unless the language of the instrument, by which it is created, warrants that construction. While the will or deed often expressly exempts the trust fund from the claims of the creditors of the beneficiary, yet any language which calls for that conclusion is sufficient. In the instant case, however, the will contains no suggestion that the trust fund shall be exempt from the beneficiary's creditors or that he had any creditors, except the testatrix, or that he was improvident." To which pertinent language we may add that if the trust in question is to be construed as a spendthrift trust, it is difficult to conceive of one that is not. See also *Shoup's Estate*, 31 Pa. Superior Ct. 162.

There is no semblance of uniformity among other jurisdictions as to the rule of construction to be applied in determining whether a testamentary provision operates as a spendthrift trust. And there is a lack of unanimity in the decisions of our own state. A rule of excessive liberality in favor of a spendthrift trust was applied in *Stambaugh's Estate*, 135 Pa. 585, 19 A. 1059,

upon which defendant relies. In *McCurdy v. Bellefonte Trust Co.*, supra, however, the Supreme Court referred to *Stambaugh's Estate* as an "extreme case", repudiated its doctrine and arrested the trend in the direction of liberality, retraced its steps and established the applicable rule of construction firmly on conservative ground. In this connection the Supreme Court said: "The Stambaugh case cannot be construed as indicating that a spendthrift trust can be created without language in the instrument fairly justifying the conclusion that such was the donor's or testator's intent." That case is no longer a reliable authority in Pennsylvania.

Accordingly, we are of the opinion that this is the case of an ordinary trust, and as such the interest of the beneficiary is subject to attachment to the extent of the income accrued and principal payments of $200 per annum, held for him by the trustee. *Bremer's Sons v. Mohn et al.*, supra; *The Girard Life Ins. & Trust Co. v. Chambers*, 46 Pa. 485; *Kunkel v. Kemper*, 32 Pa. Superior Ct. 360.

Decree reversed.