# Rife *versus* Geyer.

I. A benefactor has the power by means of a trust to restrict his bounty, so that it shall not be liable to the debts, control or engagements of the beneficiary.

2. A trust of this nature is of necessity an active trust, requiring the legal estate to be vested in the trustee.

3. Whenever it is necessary for the accomplishment of any object of the creator of the trust that the legal estate should remain in the trustee, the trust is a special active one.

4. The true test as to a trust being dry or active is, whether equity in Pennsylvania would decree a conveyance of the legal title.

5. Whenever chancery would execute a trust or decree a conveyance, the courts in Pennsylvania through a jury would direct a recovery in ejectment.

6. Whenever the entire beneficial interest is in the *cestui que trust* without restriction as to its enjoyment, it will be considered as executed.

7. A devise of real estate to B. in fee, in trust that he will let it and receive the rents, &c., and pay the same to G., or at his option permit G. to let it and take the rents, &c., for "life for his own separate use, and so as not to be liable to his debts, control or engagements," and after G.'s death to hold it for the use, &c., "of the heirs and legal representatives of G., their heirs and assigns for ever:" *Held*, to be an equitable estate for life in G., with a legal contingent remainder in fee to his heirs and legal representatives.

8. It was necessary the legal title should remain in the trustee, to be asserted by him in the event of a seizure and execution by the creditors of the *cestui que trust*.

9. The trustee conveyed the legal estate to G. *Held*, to be a breach of trust and inoperative.

10. If a trustee conveys the legal estate to a bonâ fide purchaser without notice for a valuable consideration, the purchaser will hold the land discharged of the trust, but the trustee will be answerable out of his own means to the full value and on the same trusts: but a volunteer, or one having notice, will take the land subject to the trust.

| | |
|---|---|
| 59 | 393 |
| 131 | 253 |
| 59 | 393 |
| 133 | 351 |
| 59 | 393 |
| 137 | 115 |
| 59 | 393 |
| 139 | 592 |
| 140 | 88 |
| 141 | 357 |
| 59 | 393 |
| 147 | 229 |
| 59 | 393 |
| 159 | 139 |
| 59 | 393 |
| 180 | 42 |
| 59 | 393 |
| 198 | 613 |
| 59 | 393 |
| 199 | 491 |
| 59 | 393 |
| 214 | 7 38 |
| 59 | 393 |
| f216 | ¹533 |
| 217 | 487 |
| 59 | 393 |
| f218 | 472 |
| 59 | 393 |
| 223 | ⁴232 |

November 5th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county :* No. 100, to October and November Term 1868.

This was a scire facias sur mortgage to July Term 1868, in which Stephen H. Geyer was plaintiff and Abraham Rife defendant. On the 6th of July a case stated, embodying the following facts, was filed.

Jacob Geyer being the owner of the land covered by the mortgage in controversy, died January 18th 1860, having made his will, by which, amongst other things, he provided as follows, viz. :—

"I give, &c., to William Baxter, his heirs and assigns, the one equal eighth part of all my property and estate, real, personal and mixed, after the payment of the bequests to my sons Daniel and John, and all my just debts and funeral expenses, of every description, upon the trusts and conditions following, that is to

say, upon trust that he, the said William Baxter, will receive the said one equal eighth part of my personal estate, and pay over the same when and as received, to my son Stephen H. Geyer, and upon trust that he, the said William Baxter, his heirs and assigns, shall and will, from time to time, let and demise the real estate which may be allotted to him as the one-eighth of my real estate, and recover and receive the rents and income thereof, and pay over the same when received into the hands of the said Stephen H. Geyer, or such other person or persons as he may authorize, appoint and empower to receive the same, or at his option to permit and suffer him, the said Stephen H. Geyer, to let, demise, occupy and enjoy the said equal eighth part of my estate, and every part thereof, and receive and take the income thereof, during all the term of his natural life, for his own separate use, and so the same shall not be in the power, or liable to the debts, control or engagements of the said Stephen H. Geyer, he paying all the taxes thereon, and all necessary improvements and repairs thereon, and from and immediately after the decease of the said Stephen H. Geyer, then to hold the said one-eighth of my estate in trust, to and for the only proper use, benefit and behoof of the heirs and legal representatives of the said Stephen H. Geyer, their heirs and assigns for ever."

On the 23d of December 1864 a deed of partition was made between the devisees under Jacob Geyer's will of the real estate of the testator, by which the piece of land now covered by the mortgage in controversy was allotted to Baxter in fee, subject to the trusts in the will. On the 29th of November 1867, Baxter conveyed to Stephen H. Geyer in fee the land so allotted to him, and on the 31st of January 1868, Geyer conveyed the same premises to Rife, the defendant, for $4600, of which $100 was paid in cash and the mortgage in suit—on which $1000 has since been paid—given for the balance. This scire facias is issued for the recovery of the remaining $3500.

The payment is resisted on the ground that Stephen H. Geyer had only an equitable life estate in the land.

By the case it was agreed that if the court should be of opinion that Stephen H. Geyer took an estate in fee simple under the will and the deed from the trustee, judgment should be entered in his favor for $3500, with interest, but if the court should be of opinion otherwise, that judgment should be entered for the defendant for the $1100 paid by him, with interest; and that he should reconvey the premises to the plaintiff, &c. The District Court entered judgment for the plaintiff according to the case stated.

The defendant removed the case into the Supreme Court, and assigned for error entering judgment for the plaintiff.

*T. M. Marshall,* for plaintiff in error.

[Rife v. Geyer.]

*J. G. MacConnell* and *T. MacConnell*, for defendant in error, cited Bacon's Appeal, 7 P. F. Smith 504; Physick's Estate, 14 Wright 128; Wright v. Brown, 8 Id. 238; McBride v. Smyth, 4 P. F. Smith 250; Fearne on Remainders 188, 189, 208; Guthrie's Appeal, 1 Wright 15; United States v. Hamway, 2 Wall. Jr. 201; McKee v. McKinley, 9 Casey 93; Bush's Appeal, Id. 87; Coke Litt. 319 b, 376 b; Heilman v. Bouslaugh, 1 Harris 353.

The opinion of the court was delivered, January 5th 1869, by

SHARSWOOD, J.—If, under the will of Jacob Geyer, the estate of his son Stephen H. Geyer was an equitable estate for life only, the legal estate being in William Baxter, the trustee, and if the remainder devised to his heirs and legal representatives, their heirs and assigns for ever, was an executed legal estate, or would become such upon its vesting upon the death of Stephen H. Geyer, then the rule in Shelley's Case does not apply: Fearne on Rem. 52; Kay *v.* Scates, 1 Wright 35; Bacon's Appeal, 7 P. F. Smith 504.

By the will in question the property was devised to William Baxter in fee, in trust to let and demise, to recover and receive the rents, and pay them over to Stephen H. Geyer, or at his option to permit and suffer him to let and demise, occupy and enjoy, and take the income thereof "during all the term of his natural life, for his own separate use and so the same shall not be in the power or liable to the debts, control or engagements of the said Stephen H. Geyer, he paying all the taxes thereon and all necessary repairs and improvements thereon."

That a benefactor has the power of thus restricting the enjoyment of his bounty through the medium of a trust during the life of the beneficiary is now the unquestionable law in this state: Holdship v. Patterson, 7 Watts 547; Fisher v. Taylor, 2 Rawle 33; Ashhurst v. Given, 5 W. & S. 323; Vaux v. Parke, 7 W. & S. 19. It has also been expressly held that wherever there is a trust of this nature, it is of necessity an active trust, requiring the legal estate to be vested in the trustee. "It was necessary," said the court in Fisher v. Taylor, "that the executor should take the legal estate for the purposes of the trust, in order to give effect to the testator's bounty." And again in the same opinion, "A different construction would make the beneficial interest which the testator intended to provide for his son, subject to be sold for his debts, when he expressly declared that it should not be so subject, and would thus set up a new will in place of that which it affected to interpret." In Kay v. Scates, 1 Wright 37, Mr. Justice Strong enumerated among special or active trusts, requiring the legal estate to be in the trustee, trusts "to preserve contingent remainders or to protect property for the sole and

separate use of a married woman or from the creditors of the *cestui que trust.*" In Shankland's Appeal, 11 Wright 113, the point was expressly decided, and it was there held that a trust to collect and receive rents and pay over the same to a son of the testatrix" for and during all the term of his natural life, without being subject to his debts and liabilities," was an active one, that the legal estate was vested in the trustee, and no act of the *cestui que trust* could deprive him of it and allow him to interfere with the collection of the income, and no creditor could touch the income or any interest which the *cestui que trust* had in it. Wherever it is necessary for the accomplishment of any object of the creator of the trust that the legal estate should remain in the trustee, then the trust is a special active one: Barnett's Appeal, 10 Wright 399. The true test is whether a court of equity in Pennsylvania would decree a conveyance of the legal title. In our mixed system of law and equity it has always been received as an universal rule that whatever a chancellor would decree to be done shall be considered as though it were actually done. On this principle ejectment can be maintained on what, in England, would be regarded as an equitable title. Wherever chancery would execute a trust or decree a conveyance, the courts of this state, by the instrumentality of a jury, will direct a recovery in ejectment: Peebles *v.* Reading, 8 S. & R. 491; Pennock *v.* Freeman, 1 Watts 401. Many trusts which would be classed as active ones in England, would be regarded here as passive: as for example, the distinction between a trust to receive and pay and one to permit and suffer the *cestui que trust* to receive, is not recognised. Whenever the entire beneficial interest is in the *cestui que trust*, without restriction as to the enjoyment of it, there is no reason why it should not be considered as actually executed. No formal conveyance of the legal estate is necessary, though it will be decreed, because the nominal trust beclouds the title, and embarrasses the rights of alienation, which belong to the true owner: Kay *v.* Scates, 1 Wright 40. Would a conveyance in this case have been decreed to Stephen H. Geyer of his life estate? Clearly not. The equitable estate being then merged in the legal, it could immediately have been seized in execution for his debts, and thus one of the great objects of the testator in the creation of the trust would have been defeated. It was necessary that the legal title should remain in the trustee, to be asserted by him in the event of a seizure and sale on execution by creditors. This course of reasoning shows that the provision allowing the trustee at his option, to permit and suffer the *cestui que trust* to occupy and enjoy the property, or receive himself the rents and profits, does not vary the case in this state any more than it does in England. It is there well established that notwithstanding a direction in a will for the trustee to permit and

[Rife *v.* Geyer.]

suffer the *cestui que trust* to receive the rents, even where the words " at their option" are not employed, yet if any additional duty be imposed on the trustees, either expressly or by implication, which requires that they should have the legal estáte, this distinction will not be allowed to prevail, but the legal estate will remain in the trustees to enable them to perform the trust: Hill on Trustees 233. We hold, then, according to the principles as settled by the authorities in this state, that the life estate of Stephen H. Geyer, under the will of his father Jacob Geyer, was an equitable one.

Nor had the deed of November 29th 1867, from William Baxter, the trustee to Stephen H. Geyer, in fee simple, any effect whatever to change the nature of his estate from equitable to legal. However it might have been in England, in Pennsylvania it was simply inoperative. It was clearly a breach of trust. If a trustee conveys the legal title to a bonâ fide purchaser for a valuable consideration and without notice, the purchaser, indeed, will hold the land discharged of the trust, but the trustee will be decreed in equity to buy and settle other land to the same uses, Mansell *v.* Mansell, 2 P. Wms. 681; but if the conveyance be to a volunteer or to one having notice of the trust, he will take the legal estate subject to the same trust: Id. In such case reconveyance will be decreed; Rye *v.* Gorge, 1 P. Wms. ·128; Hill on Trustees 318; and in Pennsylvania it will be considered as though it had been done. It is not in the power of a trustee to destroy the trust, unless by a sale to a purchaser for a valuable consideration, bonâ fide and without notice, and then he will be held answerable out of his own means to the full value and on the same trusts. Whether Stephen H. Geyer, having full notice, be regarded as holding the legal title subject to the trust, in which case no merger would take place; or that it remained in William Baxter unaffected by the deed or revested in him immediately, as upon a reconveyance decreed by a chancellor, which perhaps is the more correct idea; the result is the same. The life estate of Stephen H. Geyer remained an equitable one.

That the remainder in trust for the heirs and legal representatives of Stephen H. Geyer, their heirs and assigns, was an executed legal estate when vested, cannot admit of a question. In Bacon's Appeal, 7 P. F. Smith 504, it was decided by this court that a direction in the will that the trustees should convey to those in remainder, which in England would require the legal estate to remain in the trustees until conveyance, produced no such effect in Pennsylvania.

On the whole, then, we are of the opinion that the rule in Shelley's Case has no application; that there is, under the limitation contained in this will, an equitable estate for life in Stephen H. Geyer, with a legal contingent remainder in fee to his heirs and

[Rife *v.* Geyer.]

legal representatives under the intestate laws; and such being the clear intention expressed by the testator, and no technical rule of law preventing it, it must be carried into effect.

Judgment reversed, and judgment for defendant according to the case stated.