# Henderson's Estate.

*Wills—Trusts—Active and dry trusts—Petition for termination.*

1. In construing a trust provision in a will the intention of the donor is the primary and controlling consideration, and not the desire of the beneficiary.

2. Active or special trusts are those in which, either from the express directions of the language creating the trust, or from the very nature of the trust itself, the trustees are charged with the

performance of active and substantial duties with respect to the control, management, and disposition of the trust property for the benefit of the cestuis que trust. They may, except when restricted by statute, be created for every purpose not unlawful, and, as a general rule, may extend to every kind of property, real and personal.

3. A testamentary direction to a trustee to hold, invest and manage the corpus of a fund for a definite period, and pay the income therefrom at stated periods to a beneficiary, creates an active trust which the statute does not execute and which will continue to be operative and cannot be terminated until the purpose for which the trust was created has been accomplished.

4. A testatrix directed her executors to pay a legatee "$25 per month for and during his natural life, and to keep sufficient funds invested therefor, and, in case of sickness, if the said sum is not sufficient for his maintenance, I authorize my executors to pay such additional amount as in their judgment may be necessary." She further directed her executors "to keep sufficient of my personal property invested, and to use the income to pay" certain bequests including the one above mentioned. "The surplus income, if any, to be paid to" her residuary legatee. The executors resigned and a trust company was appointed trustee. All persons interested in the estate except the said pecuniary and residuary legatees died and the Orphans' Court directed that $15,000 be paid to the trustee to be held by it for the uses and purposes above specified, the balance if any of income not needed for the annuitant to be paid over to the residuary legatee. Said beneficiaries entered into an agreement whereby it was stipulated that the $15,000 held by the trustee should be divided in certain proportions between them, and petitioned the court for a decree that said sum held by the trustee should be paid over in accordance with the agreement. *Held,* the court properly dismissed the petition.

Argued April 23, 1917. Appeal, No. 308, Jan. T., 1916, by Frank H. Henderson, from decree of O. C. Erie Co., Sept. T., 1909, No. 26, dismissing petition for the termination of a trust in Estate of Caroline H. Henderson, deceased. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition for the termination of a trust. Before WHIT-TELSEY, J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition. Frank H. Henderson appealed.

*Error assigned* was the decree of the court.

*Charles F. Haughney,* for appellant.—The purpose of the trust has been terminated and the property should be distributed: Thompson's Est., 10 Pa. C. C. 472.

*Harry L. Moore,* with him *Lytle F. Perry,* for appellee.—The purpose of the testator in creating the trust was not fulfilled and the petition should be dismissed: Stambaugh's Est., 135 Pa. 585; Winthrop Co. v. Clinton, 196 Pa. 472; Keyser v. Mitchell, 67 Pa. 473; King's Est., 147 Pa. 410; Shower's Est., 211 Pa. 297; Vaux v. Parke, 7 W. & S. 19; Harrar's Est., 244 Pa. 542; Culbertson's App., 76 Pa. 145; Morgan's Est. (No. 1), 223 Pa. 228; Shankland's App., 47 Pa. 113; Shanty's Est., 7 Pa. C. C. 199.

OPINION BY MR. JUSTICE MESTREZAT, June 30, 1917:

Caroline Henderson died testate in April, 1899, and, after certain devises of real estate and bequests of personal estate, made the following bequest in paragraph three of her will to Frank H. Henderson, the appellant in this case: "I hereby direct my executors to pay to Frank H. Henderson the sum of twenty-five ($25) dollars per month for and during his natural life, and to keep sufficient funds invested therefor, and, in case of sickness, if the said sum is not sufficient for his maintenance, I authorize my executors to pay such additional amount as in their judgment may be necessary." In the ninth paragraph of the will, the testatrix directs her "executors to keep sufficient of my personal property invested, and to use the income to pay the several bequests hereinbefore made. The surplus income, if any, to be paid to the said Pearl Critchfield," the residuary legatee. The executors resigned, and the Orphans' Court

appointed the Erie Trust Company of Erie, Pennsylvania, "trustee under the will of the said Caroline Henderson, deceased." The executors having settled their account, and the legatees, except Henderson and Critchfield, having died, the Orphans' Court distributed the balance in the hands of the accountants by directing the sum of fifteen thousand dollars to be paid to the Erie Trust Company, trustee, to be held by it "for the uses and purposes mentioned in the third paragraph," and invested "in the manner directed in the third and ninth paragraphs," of the will, and the remainder of said balance to be paid to the residuary legatee. It was further ordered that any surplus over the amount required to meet the demands of the third paragraph of the will should be paid by the trustee to the residuary legatee. The two beneficiaries entered into an agreement on January 21, 1916, in which it was stipulated that the fifteen thousand dollars held by the trustee under the decree of the Orphans' Court should be divided in certain proportions between them, and joined in a petition to the court reciting the facts and praying for a decree modifying the former order or decree of the court that said sum should be held by the trustee for the uses and purposes mentioned in the third paragraph of the will, and directing the trustee to pay over the fund in accordance with the agreement. The court dismissed the petition, and Frank H. Henderson took this appeal.

It is not necessary in order to sustain the decree entered by the learned judge of the court below to hold, as he did, that the trust created by the third paragraph of the testatrix's will is a spendthrift trust. It is clearly an active or special trust, and, until the purpose for which it was created has been accomplished, the court is without authority at the instance of the cestuis que trust to terminate it and decree a distribution of the corpus of the fund. "Active or special trusts," says Mr. Pomeroy (3 Equity Juris., sec. 991), "are those in which, either from the express directions of the language creating the

trust, or from the very nature of the trust itself, the trustees are charged with the performance of active and substantial duties with respect to the control, management and disposition of the trust property for the benefit of the cestui que trust. They may, except when restricted by statute, be created for every purpose not unlawful, and, as a general rule, may extend to every kind of property, real and personal." In Spring's Est., 216 Pa. 529, 534, it is said on the authority of Perry on Trusts that "an active trust may be created as a protection to the beneficiary because of his inexperience, improvidence, inability to manage his estate or for any other purpose, not illegal, which the benefactor may deem wise or expedient in order to carry out his intentions." In that case, it was held that a gift in fee, but to be held in trust by a trustee who was to collect and receive the income and pay out of the income, at her discretion, such sums as she might from time to time deem to be for the best interests of the beneficiaries and with power to terminate the trust, was a valid, active trust, and would be upheld, even though it were not a spendthrift trust. We held in Rife v. Geyer, 59 Pa. 393, that whenever it is necessary for the accomplishment of any object of the creator of the trust that the legal estate shall remain in the trustee, the trust is a special active one. In Xander v. Easton Trust Co., 217 Pa. 485, 489, adopting the language of the court below, we said: "It may be taken as settled that, if there is a testamentary direction to 'invest' the corpus of an estate and pay over the income, an active trust is established: Keene's Est., 81 Pa. 133. The same result follows in bequests of personalty: Eichelberger's Est., 135 Pa. 160." In Hemphill's Est., 180 Pa. 87, it was held that a testamentary provision directing the payment of the net income to the beneficiaries during life and at their death to their heirs created an active continuing trust, as accounting for the net income involved the exercise of some discretion in the payment of the expenses incident to the maintenance of

the property. In Eshbach's Est., 197 Pa. 153, the testator directed his executors to place the fund at interest and pay the income thereof to the beneficiary for life and at her death the principal to her heirs, and it was held to create an active trust, and that the fund should be administered by the trustee for the life of the cestui que trust. This court said, inter alia (p. 160): "As has been observed, the only duty imposed on the trustees was not the receiving and paying over the interest of the principal sum to the cestui que trust. They were given the fund itself, and required to 'place the same out at interest.' The executors were, therefore, directed in express terms to invest it, and, of course, to reinvest it as often as it became necessary during the life of Mrs. Good. This imposed active duties upon them and involved the exercise of discretion and judgment in the care and management of the fund."

It may, therefore, be regarded as settled that a testamentary direction to a trustee to hold, invest and manage the corpus of a fund for a definite period, and pay the income therefrom at stated times to a beneficiary creates an active trust which the statute does not execute and which will continue to be operative and cannot be terminated until the purpose for which the trust was created has been accomplished. The rule has its foundation in the well established principle that, within the limits of the law, every man may do as he pleases with his own property. He may, therefore, dispose of it in fee, or create estates therein in different persons, or grant or devise it on such conditions or under such restrictions as he may desire. Hence, a donor may, by means of a testamentary trust, give a life interest in the whole or a part of his estate and protect the corpus of the fund for the remaindermen. It should be observed that in construing a trust provision in a will the intention of the donor is the primary and controlling consideration, and not the desire of the beneficiary, whose wishes as to the disposition of the corpus of the trust fund and the in-

come therefrom are entirely of secondary importance and will not be permitted to defeat the purpose which the testator had in view in creating the trust.

The language used by the testatrix in the case at bar is clear and explicit and leaves no room for doubt as to the purpose for which the trust was created. The testatrix manifestly intended that the corpus of the fund bequeathed should be retained by the trustee and the income be paid periodically to the beneficiary for his support and maintenance during life. The stipulated sum of twenty-five dollars is to be paid monthly, and a discretionary additional amount when the cestui que trust is ill. The amount and frequency of the payments were intended to act as a restraint on the dissipation of the fund in advance of the time it might be needed for the support of the recipient, and tend to show that it was to be used for such purpose. In fact, the agreement between the appellant and the residuary legatee, distributing the fund, shows, not only their construction of the trust clause of the will but also the necessity for continuing the trust and preserving the fund for the appellant's maintenance by providing that if the appellant be indigent and unable to take care of himself when the last installment of five hundred dollars is due him under the contract from the residuary legatee, it shall be paid to some institution which will admit him as an inmate thereof and agree to maintain him for the balance of his life. It follows that if no institution is available on such terms, the appellant has no protection and the bequest of the testatrix will not accomplish its purpose. If, however, there is any uncertainty arising out of the provision as to the testamentary intent in this regard, the doubt is entirely dispelled by the subsequent phrase, "and in case of sickness, if the said sum is not sufficient for his maintenance, I authorize my executors to pay such additional amount as in their judgment may be necessary." The contingent bequest clearly points to the purpose for which the original monthly sum was to be

paid to the beneficiary when he was in health. The two phrases disposing of the entire beneficial fund must be read and considered together, as the testatrix's purpose in both was manifestly the same, the support and maintenance of the cestui que trust for the designated period. She did not intend that the original monthly payment should be used for one purpose, and the additional sum made necessary for the support of the beneficiary by reason of the increased expenses incurred in sickness should be applied for another and different purpose. The payments of both sums were to be made from the same fund which was bequeathed by the testatrix for a single purpose.

The trust was created for a definite period, the life of the beneficiary, and the trustee was directed "to keep sufficient funds invested" to produce an income which would meet the requirements of the bequest. The ninth paragraph of the will also provides that the trustee shall invest a fund sufficient to pay the bequests made in the will, which would include the additional sum to be paid Henderson during sickness. By the express provisions of the will, therefore, the trustee was required to invest the trust fund, collect the income therefrom, and, after deducting the expenses incident thereto, pay the same to the beneficiary during his life. The amount of the additional sum to be paid in case of illness of the cestui que trust is discretionary with the trustee.

This analysis of the trust clause in question clearly discloses the intention of the testatrix, and it is equally apparent that, under the authorities cited, the trust is an active one, and must be continued to carry out the donor's intention. The purpose for which the trust was established was the maintenance of the cestui que trust for life, and it can only be accomplished by the trustee performing the duties specifically imposed upon it by the testamentary provision creating the trust. The trustee is directed in express terms to keep sufficient funds invested, necessarily collect the income, and pay to

the cestui que trust a stipulated monthly sum and, under certain conditions, a discretionary additional sum during his life. These are active duties, and involve the exercise of discretion and judgment by the trustee in the care and management of the trust fund. The statute, therefore, does not execute the trust, and the court is without power to determine it and direct the whole or any part of the corpus of the fund to be paid to the beneficiary.

The order dismissing the petition is, for the reasons stated, affirmed at the costs of the appellant.