## Snyder Estate.

*Wills—Probate — Failure of trustees to defend will — Appointment of trustees ad litem.*

Where, on appeal from the probate of a will, it appears that the executors and trustees took no adequate steps to uphold the will and numerous trusts contained therein, the orphans' court commits no error in appointing, suo motu, a trustee ad litem for all the trusts purported to have been created by the probated writing, and to order a rehearing.

Argued May 11, 1922. Appeal, No. 91, Oct. T., 1922, by Mary Snyder Drew, from decree of O. C. Allegheny Co., June T., 1921, No. 415, overruling exceptions to order appointing trustee ad litem in Estate of William P. Snyder, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to order appointing trustee ad litem. Before TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Mary Snyder Drew, decedent's daughter, appealed.

1922.]      Assignment of Error—Opinion of the Court.

*Error assigned,* inter alia, was decree, quoting it.

*John C. Bane,* for appellant.—The order was a pronounced abuse of judicial discretion. It was made without notice, and without argument or opportunity for argument by counsel. It was made without petition, citation, motion, request or hearing.

*A. J. Barron,* with him *Geo. E. Alter,* trustee ad litem, appellee.

PER CURIAM, June 24, 1922:

Mary Snyder Drew, appellant here, petitioned the orphans' court, in the estate of her father, William P. Snyder, deceased, for the allowance of an appeal from the decision of the register of wills, admitting to probate certain writings, as the will of the decedent, with a codicil thereto; she asked that the probate be set aside and the letters testamentary revoked, also for an issue devisavit vel non and general relief, alleging that, at the dates of these writings, decedent was without testamentary capacity, by reason of long-continued illness and feebleness of mind. One of the respondents admitted the truth of all the averments in the petition, and the answers of the others categorically denied those alleging want of testamentary capacity.

At hearing, it developed that several of the parties in interest were minors, represented by guardians ad litem; that the will contained a separate use, spendthrift trust and other trusts to support remainders for unascertained persons, also a charitable bequest to a church; and that the widow of testator, named as one of the trustees, had elected to take against his will.

In support of the averments in her petition, appellant introduced the testimony of a large number of witnesses, none of whom were cross-examined by counsel for respondents, who stated to the court: "We have nothing to offer in defense, and, . . . . . . in this we are acting by direction of our clients."

The presiding judge took the matter under consideration, stating the case could not stop at the point where it was left by counsel; and, three days thereafter, the order appealed from was entered, the court saying, inter alia, in the opinion then filed: "Before any decree for an issue devisavit vel non will be made the court will, suo motu, appoint a trustee ad litem for all of the trusts purported to be created by the probated writings, and order a re-hearing of this case"; which it accordingly did. In this we see no error.

The order is affirmed at cost of appellants.