## Buch's Estate.

*Trusts and trustees—Active and passive trusts—Termination of trusts—Wills.*

1. Active or special trusts are those in which, either from the express direction of the language creating them, or from their very

nature, it is apparent the trustees are charged with the performance of active and substantial duties with respect to the control, management and disposition of the property.

2. In determining whether a trust created by a will is active or passive, the whole will must be examined to discover the purpose of the testator.

3. Where a father divides his estate in equal amounts among his children, but directs that his executors shall invest the share of one son "and if he dies without issue, the said share shall be equally divided among his brothers and sisters or their heirs," the trust is active and the son takes a life estate only, and cannot demand a termination of the trust.

4. In such case, an agreement by all parties in interest then living that the son should be paid a portion of the principal, and the balance held in trust for the purposes set forth in the will, does not give the son a right to terminate the trust, the remaindermen not being protected.

Argued May 14, 1923. Appeal, No. 280, Jan. T., 1922, by John R. Buch, cestui que trust, from decree of O. C. Lancaster Co., Dec. T., 1915, No. 37, discharging rule to terminate trust, in estate of Jacob S. Buch, deceased. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to terminate trust. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

Rule discharged. John R. Buch, cestui que trust, appealed.

*Error assigned,* was decree, quoting it.

*K. L. Shirk,* with him *John A. Coyle,* for appellant.— Under the will of Jacob S. Buch no active trust was created: King's Est., 147 Pa. 410; Shoup's Est., 31 Pa. Superior Ct. 162; Kunkel v. Kemper, 32 Pa. Superior Ct. 360; Frey's Est., 25 York 141; Hoffman's Est., 27 Pa. Dist. R. 6; Curtis Case, 60 Atl. 240; Neal v. Beach, 92 Pa. 221; Audenreid's Est., 4 Pa. Dist. R. 507; Henderson's Est., 258 Pa. 510.

Where a trust is dry or passive, it can be terminated on petition of the cestui que trust asking for its termination: Culbertson's App., 76 Pa. 145; Keyser's Est., 6 Pa. Dist. R. 181; Harrar's Est., 244 Pa. 542; Stafford's Est., 258 Pa. 595.

No appearance for appellee.

OPINION BY MR. JUSTICE SADLER, June 23, 1923:

Jacob S. Buch died in 1915, having left a last will and testament, duly probated, by which two persons were appointed executors and trustees. He was survived by a widow and eight children, and to the latter equal amounts in the estate were given. The fifth clause, however, made separate provision for the part of one unmarried boy, as follows: "I order and direct that my executors shall invest my son John's share safely at not less than four per cent. interest, and if he dies without issue, the said share shall be equally divided among his brothers and sisters or their heirs." The executors filed an account, which was adjudicated, and an award made to John's trustees of one-eighth of the net estate, less $694, the amount of indebtedness. By agreement, dated June 12, 1917, of all parties in interest then living, joined in by John, it was provided that he should be paid from the principal remaining $694.88, leaving in the trust account the sum of $2,000 which amount was thereafter invested at the rate of five per cent, and the income paid to him. In 1921, upon petition, a citation was directed to the trustees, asking that they show cause why the sum in their hands should not be paid over to the beneficiary, it being averred that the trust was passive and therefore executed, and in this request the widow joined, as did one brother and a sister. After hearing, the application was refused. The respondents later resigned, and the Peoples Trust Company of Lancaster was appointed in their place. The only question raised on this appeal is

the right to demand a termination of the trust, and compel the payment over of the principal.

The court below held, though the duty imposed by the will was merely to invest, the limitation over in case of death without issue made necessary the conservation of the estate for the benefit of the possible remaindermen. No offer was made by the life tenant to give bond for their protection, as provided by the Act of May 17, 1871, P. L. 269, reënacted June 7, 1917, P. L. 447, section 23. If, however, the trust is a dry one, he is entitled to the sum held for his benefit. It is to be noted the father made provision in his will for the petitioner in a way different from that for his other children. To the latter, he gave absolute estates, but in the case of appellant, there was an attempt to make a distinction and create a fund for the benefit of the cestui que trust, and those who might survive. This was the evident understanding of all concerned, as further appears from the wording of the agreement of June 12, 1917, in which the heirs joined, and in which it was stated in paragraph 1, "that the amount of money to be placed in trust for John Buch shall be $2,000."

It is undoubtedly true that, if no active duties are imposed, and the holding of the amount in hand is not required to protect interests of others, the trust will be held to be passive, and, upon proper application, the principal will be turned over: Stafford's Est., 258 Pa. 595. But in considering the effect of such provision in a will, the intention of the donor, and not the desire of the beneficiary, is the primary and controlling consideration. Active or special trusts are those in which, either from the express direction of the language creating them, or from their very nature, it is apparent the trustees are charged with the performance of active and substantial duties with respect to the control, management and disposition of the property: Henderson's Est., 258 Pa. 510; Simonin's Est., 260 Pa. 395. If the party in whose favor it was created is sui juris, and there is no limitation over

of income or principal, and no ultimate purposes of any kind requiring its continuance expressed, except such as is implied from the direction to pay over income, a termination may be decreed (Wood's Est., 261 Pa. 480; Deniston v. Deniston, 263 Pa. 224; 22 P. & L. Dig. Dec. 38226), but the whole will must be examined to discover the purpose of the testator: Schuldt v. Reading Trust Co., 270 Pa. 360.

In the present case, the only duty of the trustee was to invest the fund, but this arrangement was evidently intended to conserve the principal so that the same might pass to the issue of John, or, if none, to the brothers and sisters or their heirs. Expressly or impliedly, there was a gift to others than the life tenant (Lippincott's Est., 276 Pa. 283), and, for the preservation of their rights, it is necessary that the arrangement continue, unless the fund be transferred to him, upon giving security in the manner provided by law.

It is suggested that the agreement made by the widow and heirs, joined in by John, alters the situation, in that they evidence an intention to substitute for the testamentary trust a plan of their own, since they there gave to the petitioner a part of the principal. Whether legally a portion of the moneys held could be thus transferred, and the trustees protected in case there subsequently was issue, need not be considered; for present purposes, it is sufficient to say that all then treated and denominated the remaining $2,000 as held in trust for the purposes set forth in the will. This was created not only for the benefit of the son, but for his family, if any there should be, and then over, and we cannot say that no other interests required protection. This being true, the principal could not be transferred without proper provision for the rights of the remaindermen, and the learned court below was correct in so holding.

The decree is affirmed and appeal dismissed at the cost of appellant.