## Benner's Estate.

*Wills — Construction — Trust estate—Power to consume—Assignment of interest by cestui que trust—Bill of sale—Deed of conveyance—Spendthrift trust.*

1. Where a will provided that one-half of the residue should be held in trust and the income paid annually to testatrix's son during his life, but should sickness or disability make it necessary, the executrix might from time to time draw from the principal whatever sums she deemed necessary for his relief, and at his death the balance, if any, was to be divided among his heirs and assigns forever, the son has a legal right to assign his interest as *cestui que trust* and a bill of sale and deed of conveyance of his interest in the estate is an assignment of such interest.

2. The provisions of the will did not create a spendthrift trust.

Petition, answer and replication. O. C. Phila. Co., July T., 1926, No. 2584.

Michael J. O'Callaghan, for petitioner; F. C. Menamin, contra.

LAMORELLE, P. J., June 24, 1927.—This is a petition to show cause why an accounting should not be had. The answer alleges that the petitioner is not a party in interest entitled to such account, in that he has assigned and conveyed all his interest in the trust estate. The replication is to what petitioner claims is new matter set up in the answer. Whether it is or is not new matter is, however, really beside the only questions at issue and now before us, which are, has the *cestui que trust* assigned his interest and whether he has a legal right to so assign. Both of these questions must be answered affirmatively.

The undisputed relevant facts are these:

Hannah W. Benner, who died in 1915, by her will provided that her husband, Peter L. Benner, should have her entire estate for his own use during his life,

and upon his decease all household furniture, if any, was to be divided equally between her daughter, Sallie H. Kimmig, and her son, Frank H. Benner. As to the rest of the estate the will reads: "The rest of my estate shall be converted into money and the proceeds to be divided into two equal shares, one share I give to my executor in trust, and to be invested to the best advantage possible, and the income thereof to be paid annually to my Son Frank H. Benner during his natural life. Should it however through sickness or disability become necessary, the executor may from time to time draw from the principle such sums that she may think necessary for his relief and pay the same to the said Frank H. Benner and at his death the balance if any to be divided equally among his heirs and assigns for ever, and the other half to my Daughter Sallie H. Kimmick."

Letters testamentary were granted to the executors named in the will; the husband died in 1916, whereupon his life estate ended.

In 1920 the son agreed to sell his interest in the estate to one James E. Cary, and on Sept. 22nd of that year executed a bill of sale and deed of conveyance. Later, he filed a bill in equity in Court of Common Pleas No. 5 to set aside the assignment and deed, which cause was so proceeded with that ultimately a decree was entered holding the instruments to be legal and valid, and that petitioner had parted with all his title.

We find no spendthrift trust in this will. The cases cited on petitioner's brief: Simonin's Estate, 260 Pa. 395; Schuldt v. Reading Trust Co., 270 Pa. 360, and Buch's Estate, 278 Pa. 185, are not in point. They are all in effect decisions that where active duties are to be performed and discretionary powers imposed, a trust will be declared or upheld (as the case may be) and that the *cestui que trust* cannot terminate the trust.

Whether, in the instant case, the *cestui que trust* has conveyed and assigned, or attempted to convey and assign, more than his equitable life interest is not for us to decide; neither is the question as to what rights, if any, those who prove to be his heirs at the time of his death may then have.

On the pleadings as presented, we are all of opinion that the prayer of the petition should be refused and the petition dismissed. Counsel will prepare the necessary decree.