## Stoffel's Estate.

Argued December 7, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Walter Biddle Saul,* of *Saul, Ewing, Remick & Saul,* for appellant.

*Bevan Pennypacker* and *Clement B. Wood,* for appellee, were not heard.

PER CURIAM, January 7, 1929:

Patrick W. Stoffel died March, 1926, leaving a will in which he created a trust for nephews and nieces, after first directing, in much detail, that, to mark his place of burial, a monument should be erected, in the form of a tall granite shaft of certain dimensions, particularly set forth in the will; the cost of this to be "fully paid for" out of his estate "before any other payments are made

therefrom or other division or distribution thereof whatsoever is made."

A will contest was instituted, on the ground that testator did not possess testamentary capacity. After all the evidence offered was taken by the register of wills, the next of kin (certain of them who were minors acting by a guardian ad litem) entered into a so-called compromise, in which they agreed, in effect, to rewrite the scheme of distribution intended by decedent, incidentally reducing the height of the monument by about two-thirds (thereby saving for their own benefit a considerable sum of money) and bringing into the distribution of the estate a niece whom testator had expressly excluded. Appellant trust company, the guardian ad litem of the before-mentioned minors, petitioned the Orphans' Court of Philadelphia County, under section 40 of the Fiduciaries Act of 1917, P. L. 447, 508, for confirmation of this agreed settlement; "all the living heirs and next of kin of Patrick W. Stoffel, who [then were] sui juris" joined in the prayer of the petition, and the trustee under the decedent's will submitted itself, by a writing entitled a "joinder," "to such order......as the......court......may deem proper."

The petition was refused by the court below, in an opinion stating: "It is the duty of the trustee to support and maintain the trusts contained in the will, unless [it has] reason to believe that the testator lacked testamentary capacity or the same are illegal or incapable of being carried out. No such reasons appear ...... [We] have carefully read the testimony...... and [find] nothing......that......would warrant the register in granting an issue."

We likewise have read the testimony, and may say that a record could not well be more devoid of evidence to justify an allegation of lack of testamentary capacity than this one. Under the circumstances, we cannot hold the court below to have abused its discretion in refusing the prayer of appellant's petition.

One possessed of testamentary capacity, who makes a will in Pennsylvania, may die with the justifiable conviction that the courts will see to it that his dispositions, legally made, are not departed from by those charged with the duty of performance, or improperly defeated by agreement between those upon whom he bestowed his bounty. The law will not permit that to be accomplished by indirection which cannot be done directly; hence a will contest, which judicial investigation shows to be entirely without supporting evidence of the kind required by our law, cannot properly be accepted as a legal basis for a compromise agreement disposing of an estate in a manner materially different from that intended by the decedent, and which would in effect defeat his chief testamentary direction.

In Snyder's Est., 274 Pa. 574, the next of kin, legatees under a will, several of them being minors represented by guardians ad litem, and the testamentary trustees, in effect joined in an effort to have the will set aside. One party in interest petitioned the Orphans' Court of Allegheny County for an issue devisavit vel non, etc. Instead of acting on the petition, the court continued the hearing and, suo motu, appointed a trustee ad litem to represent properly all the trusts created by the probated writings. On appeal we affirmed. Subsequently the court below dismissed the petition for want of evidence which would warrant granting an issue. When the matter came before us a second time, in Snyder's Est., 279 Pa. 63, we again affirmed. These two decisions illustrate the care with which Pennsylvania courts guard what may be termed the rights of a testator.

None of the decisions cited by appellant govern the present case, which was properly disposed of by the court below.

The order appealed from is affirmed at cost of appellant.