## McGlinn's Estate

*Ralph B. Umsted*, petitioner, p.p.

*Frank J. Bradley, Catharine A. Donahue,* and *James P. McCormick,* for accountants.

HOLLAND, P. J., February 15, 1939.—Frank H. Warner and William J. McGlinn, executors of the will of the above-named decedent, having filed their account, the same was audited and the adjudication upon the said account was confirmed nisi July 26, 1938. Ralph B. Umsted, Esq., had been appointed by the court March 12, 1937, guardian ad litem for Annie M. McGlinn, a minor, and trustee ad litem for all undetermined and unascertained persons and classes of persons having a possible interest in the estate, for the purposes of the audit and all matters in connection therewith. At the audit, petitioner, in his capacity as aforesaid, raised the question as to whether

certain real estate included in the account as personalty, it having been acquired by foreclosure by the trustees under the will of another decedent and received by the accountants from said trustees, should not be stricken from the account and regarded as real estate which descended by the terms of the will to his clients ultimately. He contended that this real estate should not be accounted for as personalty and that it was free of decedent's debts and should not be appropriated to the payment thereof.

The accountants in their answer admit the averments in the petition, except that they aver that the auditing judge was correct in his conclusions and that the petition has no foundation in law and should be dismissed.

The question raised by petitioner was resolved against him, and his claim was dismissed by the auditing judge in the adjudication. On August 2, 1938, petitioner filed four exceptions to the adjudication, all excepting to the action of the auditing judge with reference to this question and claim, which exceptions were dismissed by the court December 30, 1938.

The petition further avers that it is the belief of petitioner that the court erred in dismissing the exceptions and in not sustaining petitioner's position with regard to the question and claim aforesaid, and that an appeal should be taken to the Supreme Court of Pennsylvania; that the parties whom he represents being in the first instance a minor and in the second instance persons and classes yet undetermined and unascertained, there is no one to pay the expenses of the appeal. He, therefore, prays the court to grant an allowance of $250 on account of costs and counsel fee to be paid out of the principal of the estate to allow him to prosecute an appeal from the decree of the court of December 30, 1938, dismissing the exceptions to the adjudication of July 26, 1938, the said sum to be subsequently accounted for by petitioner. As above stated, the accountants in their answer deny that there is any foundation in law for such an allowance and urge the court to dismiss the petition.

We have here a clear question of law as to whether a guardian ad litem and trustee ad litem against whom a question has been resolved by a lower court contrary to the interests which he represents can be allowed by the said court of his appointment an allowance of costs and counsel fees to prosecute an appeal from the decree of said court.

It is admitted that there is no authority directly on this point to guide us. We can begin, however, with the assurance that the court of first instance has the power to appoint a guardian ad litem and trustee ad litem for the purposes of any proceedings before such court, and, at its discretion, allow from the fund involved a reasonable fee: Section 59 (k) of the Fiduciaries Act of June 7, 1917, P. L. 447, as amended by the Act of May 6, 1931, P. L. 98, sec. 1; Snyder's Estate, 274 Pa. 574; Gill's Estate, 293 Pa. 199; Lyman v. Lyman et al., 293 Pa. 490.

Jeffery's Estate, 333 Pa. 15, is cited by petitioner as authority for the court of first instance allowing counsel fees and costs for an appeal. We have read this opinion by Mr. Justice Linn, but do not find therein any mention, much less discussion, of this question. While it is true that the appeal of the trustee ad litem was not sustained and the decrees of the lower court were affirmed, and costs directed to be paid out of the fund for distribution, which leads us to the fair assumption that the costs of the appeal were thereafter paid out of the fund, still we cannot see how the conclusion of the appellate court in this respect is authority for allowing the costs, and much less so counsel fees, in advance, by the court of first instance. We, therefore, reiterate our statement that there is no authority on this point.

Were any other party interested in this litigation to take an appeal, he would be required to pay his own costs and abide the chances of the outcome of the litigation before the appellate court to determine whether he would be reimbursed for the costs. In any event he would have to pay his counsel fees without any chance of reimburse-

ment, or obtain counsel on a contingent basis. The law already recognizes that a guardian ad litem and trustee ad litem should have some advantage in this regard in the litigation before a court of first instance, because the law clearly permits the court of first instance to allow the guardian ad litem and trustee ad litem reasonable counsel fees for the litigation conducted in the particular proceeding before it. We are of the opinion, further, that a guardian ad litem and trustee ad litem has discharged his full duty when he has represented his interests in the litigation before the court of first instance and before the court en banc if in his opinion he should file exceptions. Due fidelity to his duties does not require him to appeal to the court of last resort. However, if he is of the opinion that he has a reasonable chance of reversing the lower court in his favor and that the lower court has committed error, it would be commendable in him to take the appeal, and public policy would seem to dictate that he should not be discouraged. On the other hand, if a guardian ad litem and trustee ad litem should be allowed, in advance, costs of the appeal and counsel fees by the court of first instance for the asking in order to perfect and prosecute his appeal, it would only encourage frivolous and, in many cases, groundless appeals, having no hope of success from their inception. It would seem imperative, therefore, that some tribunal should pass upon the question of the possibilities of the success of the appeal and whether the question of error on the part of the lower court is arguable, before expenses and counsel fees should be allowed.

Certainly the court from whose decision the appeal is to be taken is the last tribunal in the world to pass upon this question for obvious reasons. Equally obvious it is that the best tribunal to pass upon the question as a preliminary one would be the appellate court to which the appeal is to be taken. This coördinates with the principle that in by far the most cases the counsel fees of a guardian ad litem and trustee ad litem are allowed by the

court before whom the proceedings are had. It would seem, therefore, inasmuch as the contemplated appeal is to be before the appellate court, that the appellate court would be the proper tribunal to make the allowance of costs and counsel fees if in its opinion, as a preliminary question, the appeal had a reasonable chance of success or the question as to whether the lower court had committed error was arguable. Certainly we know of no authority for the court of first instance to allow out of the fund accounted for costs and counsel fees and expenses of appeal to a guardian ad litem and trustee ad litem after it has entered its decree or judgment based upon its opinion rendered.

And now, February 15, 1939, the petition is dismissed at the cost of petitioner.