**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CARLOS TOVILLA-MARTINEZ, a/k/a
CARLOS MARTINEZ-TOVILLA,

    Defendant - Appellant.

No. 16-1331
(D.C. No. 1:15-CR-00390-REB-DW-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Carlos Tovilla-Martinez was convicted by a jury of

illegal re-entry of a removed alien, 8 U.S.C. § 1326(a), and unlawful possession of a

false document, 18 U.S.C. § 1546(a). He was sentenced to a term of 27 months. He

now appeals contending that his sentence, at the top of the guideline range, was

substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18

U.S.C. § 3742(a), we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

On August 22, 2014, Mr. Tovilla-Martinez was arrested for disorderly conduct in Telluride, Colorado.  2 R. 32.  During the booking process, a social security card was found on his person with the name "Carlos Martinez Lopez."  Id.  The jail forwarded Mr. Tovilla-Martinez's fingerprints to Immigration and Customs Enforcement (ICE), which later determined his real name.  Id.  ICE also determined that Mr. Tovilla-Martinez had been removed from the United States four times in the past four years.  2 R. 33.

The government prepared a Presentence Investigation Report recommending an offense level of 12 and a criminal history category of IV, resulting in a guidelines range of 21–27 months.[1]  2 R. 35–41.  Mr. Tovilla-Martinez did not object to the report, but instead moved for a non-guidelines sentence of a year and a day.  3 R. 226–31.

## Discussion

We review a sentence claimed to be substantively unreasonable for an abuse of discretion, giving substantial deference to the district court.  United States v. DeRusse, 859 F.3d 1232, 1236 (10th Cir. 2017).  Substantive unreasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. §

---

[1] Because Mr. Tovilla-Martinez's prior removal was subsequent to a felony conviction, he was subject to enhanced penalties under 8 U.S.C. § 1326(b)(1).  3 R. 56, 235.

3553(a)." United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir.2008) (quoting United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir.2007)). A challenge to the substantive reasonableness of a sentence will succeed only if the sentence "is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Sayad, 589 F.3d 1110, 1116 (10th Cir. 2009) (quoting United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009)).

It is undisputed that the district court correctly calculated Mr. Tovilla-Martinez's sentence under the guidelines and ultimately selected a sentence within the advisory guideline range. Thus, we presume that the sentence is reasonable and the burden is on Mr. Tovilla-Martinez to persuade us otherwise. See Verdin-Garcia, 516 F.3d at 898.

In attempting to rebut the presumption of reasonableness, Mr. Tovilla-Martinez argues that his criminal history was not egregious and that the district court placed too much weight on convictions not counted for criminal history. Aplt. Br. at 12–14; Aplt. Reply Br. at 1–2. He also argues that the district court "relied on the lack of deterrence in the past to justify a lengthy sentence here, but the fact that meaningful incarceration has never been tried suggests a far shorter sentence was needed to deter Mr. Tovilla-Martinez." Aplt. Br. at 12. Taken together, the overweighing of these two factors led to a sentence that is "above the range of permissible sentences, and that is 'manifestly unreasonable.'" Id. at 19.

Mr. Tovilla-Martinez presented these arguments to the district court in his motion for a reduced sentence. The district court rejected them and concluded a

3

within guidelines sentence was appropriate based on his lengthy criminal history, his "abject disrespect for . . . the laws of this country," as well as the failure of previous punishments to either deter or reform. 1 R. 659–60. The court noted that Mr. Tovilla-Martinez had nine previous convictions in the past nine years including "two felonies, two immigration-related crimes, [and] two drug-related crimes." 1 R. 659. We have characterized reentry given a prior felony as serious. United States v. Martinez-Barragan, 545 F.3d 894, 905 (10th Cir. 2008). We see no overrepresentation of criminal history.

The court also noted that fines, judicial interventions, incarceration in both municipal jail and federal prison, as well as supervised release, had failed to reform or deter Mr. Tovilla-Martinez. 1 R. 660. Though Mr. Tovilla-Martinez may believe that a lesser sentence is needed to deter him, the court did not. The sentence is not "manifestly unreasonable." Sayad, 589 F.3d at 1116.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

4